# EXHIBIT B

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## A. Job Offer Information

| 1. Job Title * | FARMWORKER |
|---|---|

| 2. Workers Needed * | a. Total | b. H-2A | **Period of Intended Employment** | |
|---|---|---|---|---|
| | 73 | 73 | 3. Begin Date * 10/30/2020 | 4. End Date * 2/15/2021 |

| 5. Will this job generally require the worker to be on-call 24 hours a day and 7 days a week? *  If "Yes", proceed to question 8.  If "No", complete questions 6 and 7 below. | ☐ Yes  ☒ No |
|---|---|

| 6. Anticipated days and hours of work per week * | | | | | | 7. Hourly work schedule * |
|---|---|---|---|---|---|---|

| 35 | **a. Total Hours** | 6 | c. Monday | 6 | e. Wednesday | 6 | g. Friday | 6 | a. 8 : 00 ☒ AM ☐ PM |
|---|---|---|---|---|---|---|---|---|---|
| 0 | b. Sunday | 6 | d. Tuesday | 6 | f. Thursday | | h. Saturday | 5 | b. 3 : 00 ☐ AM ☒ PM |

**Temporary Agricultural Services and Wage Offer Information**

8a. Job Duties - Description of the specific services or labor to be performed. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
WORKERS WILL BE PLANTING BLUEBERRIES. ALSO, WORKERS WILL BE CLEANING, PRUNING, WEEDING, IN BLUEBERRY FIELDS. ALSO, WORKERS WILL BE INSTALLING AND/OR REPAIRING IRRIGATION LINES, LAYING MULCH, AND LAYING PLASTIC IN BLUEBERRY.

| 8b. Wage Offer * $ 11 . 71 | 8c. Per * ☒ HOUR ☐ MONTH | 8d. Piece Rate Offer § $ 00 . 16 | 8e. Piece Rate Units/Special Pay Information § **PER PIECE (PLANT)** |
|---|---|---|---|

| 9. Is a completed **Addendum A** providing additional information on the crops or agricultural activities and wage offers attached to this job offer? * | ☐ Yes  ☒ No |
|---|---|

| 10. Frequency of Pay. * ☒ Weekly ☐ Biweekly ☐ Monthly ☐ Other (specify): N/A |
|---|

11. State all deduction(s) from pay and, if known, the amount(s). *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
federal, state, local taxes as well as social security will be deducted



OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

**B.  Minimum Job Qualifications/Requirements**

1.  Education: minimum U.S. diploma/degree required. *
☑ None  ☐ High School/GED  ☐ Associate's  ☐ Bachelor's  ☐ Master's or Higher  ☐ Other degree (JD, MD, etc.)

| 2.  Work Experience: number of <u>months</u> required. * | 3 | 3.  Training: number of <u>months</u> required. * | 0 |
|---|---|---|---|

4.  Basic Job Requirements (check all that apply) *

☐ a.  Certification/license requirements        ☑ g.  Exposure to extreme temperatures
☐ b.  Driver requirements                        ☐ h.  Extensive pushing or pulling
☐ c.  Criminal background check                  ☐ i.  Extensive sitting or walking
☐ d.  Drug screen                                ☑ j.  Frequent stooping or bending over
☐ e.  Lifting requirement _____ lbs.        ☑ k.  Repetitive movements

| 5a.  Supervision: does this position supervise the work of other employees?  ☐ Yes  ☑ No | 5b.  If "Yes" to question 5a, enter the number of employees worker will supervise. **§** | |
|---|---|---|

6.  Additional Information Regarding Job Qualifications/Requirements.
   *(Please begin response on this form and use Addendum C if additional space is needed.  If no additional skills or requirements, enter "__NONE__" below)* *
3 MONTHS VERIFIABLE WORK EXPERIENCE IN PLANTING BLUEBERRIES AND PERFORMING FIELD MAINTENANCE IN BLUEBERRY FIELDS IS REQUIRED.

**C.  Place of Employment Information**

1.  Address/Location *
2837 HORSESHOE ROAD

| 2.  City * MERSHON | 3.  State * Georgia | 4.  Postal Code * 31551 | 5.  County * Pierce |
|---|---|---|---|

6.  Additional Place of Employment Information  *(If no additional information, enter "__NONE__" below)* *
WORKSITE COORDINATES; 31.1364890, -82.4884650
31.3803490, -82.1868140

| 7.  Is a completed **Addendum B** providing additional information on the places of employment and/or agricultural businesses who will employ workers, or to whom the employer will be providing workers, attached to this job order? * | ☑ Yes  ☐ No |
|---|---|

**D.  Housing Information**

1.  Housing Address/Location *
220 CARRIBEANB ROAD

| 2.  City * ALMA | 3.  State * Georgia | 4.  Postal Code * 31510 | 5.  County * Bacon |
|---|---|---|---|

| 6.  Type of Housing * Barrick building | 7.  Total Units * 2 | 8.  Total Occupancy * 85 |
|---|---|---|

| 9.  Housing complies or will comply with the following applicable standards: * | ☑ Local  ☑ State  ☑ Federal |
|---|---|

10.  Additional Housing Information.  *(If no additional information, enter "__NONE__" below)* *
none

| 11.  Is a completed **Addendum B** providing additional information on housing that will be provided to workers attached to this job order? * | ☐ Yes  ☑ No |
|---|---|

---

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



**E.  Provision of Meals**

1.  Describe <u>how</u> the employer will provide each worker with 3 meals a day or furnish free and convenient cooking and kitchen facilities. * *(Please begin response on this form and use Addendum C if additional space is needed.)*

Employer will provide free housing and convenient cooking kitchen facilities to workers living in the employer provided housing which will enable workers to prepare their own meals. Employer will also provide free transportation for the workers to and from laundry facility and food store once per week. Housing will meet, local, state and federal requirements. Family housing is not available and the provision of family housing is not a prevailing practice in the area of intended employment. I assure you the homes meet local state and federal housing regulations.

| 2.  If meals are provided, the employer: * | ☑ **WILL NOT** charge workers for such meals. |
| | ☐ **WILL** charge workers for such meals at  $ _____ . _____ per day per worker. |

**F.  Transportation and Daily Subsistence**

1.  Describe the terms and arrangement for daily transportation the employer will provide to workers. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
see addendum

2.  Describe the terms and arrangements for providing workers with transportation (a) to the place of employment (i.e., inbound) and (b) from the place of employment (i.e., outbound). *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
see addendum

| 3.  During the travel described in Item 2, the employer will pay for or reimburse daily meals by providing each worker * | a.  no less than | $ 12 . 68 | per day * |
| | b.  no more than | $ 55 . 00 | per day with receipts |

**Form ETA-790A**      **FOR DEPARTMENT OF LABOR USE ONLY**      Page 3 of 8

H-2A Case Number: H-300-20241-794468  Case Status: Full Certification  Determination Date: 11/05/2020  Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## G.  Referral and Hiring Instructions

1.  Explain <u>how</u> prospective applicants may be considered for employment under this job order, including verifiable contact information for the employer, or the employer's authorized hiring representative, methods of contact, and the days and hours applicants will be considered for the job opportunity. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*

All referrals are to be directed to D Canela Resources, LLC  at (912)722-1336 . Collect calls will NOT be accepted. Walk-in applications will be accepted for interview, office hours are Monday - Friday from 10:00am  12:00pm and 1:00pm - 2:30pm. Because of prior problems with invalid social security numbers: all applicants should be advised that, after being hired, all workers social security will be verified by the social security administration. All local and intrastate applicants may apply direct to employer. All interstate applicants are encouraged but not required to first contact the Job Order holding office prior to contacting the employer for any updated information regarding the job prior referral. For referrals from beyond normal commuting distance, an application may be sent to employer or a telephone interview may be requested.

The employer will contact applicants who have applied by phone to conduct an interview. Prior to referral, each worker should either read or have read to them a copy of the Job Offer and that they understand all terms and conditions of employment as noted in the order. All workers should also be advised that they will be expected to work for the total period of employment as noted in the Job offer and should be available to work in any one of the listed activities at the discretion of the employer and workers must have transportation to the job site. Referred and walk-in applicants should bring with them original documentation of identity and employment eligibility documents (original documents only)., sufficient to complete the I-9 Form. All workers from within normal commuting distance recruited against this job order will not be provided housing and transportation.

| 2.  Telephone Number to Apply * | 3.  Email Address to Apply * |
|---|---|
| +1 (912) 722-1336 | dcanelaresourcesllc@gmail.com |

4.  Website address (URL) to Apply *
N/A

## H.  Additional Material Terms and Conditions of the Job Offer

| 1.  Is a completed **Addendum C** providing additional information about the material terms, conditions, and benefits (monetary and non-monetary) that will be provided by the employer attached to this job order? * | ☑ Yes ☐ No |
|---|---|

H-2A Case Number:  H-300-20241-794468      Case Status: Full Certification      Determination Date:  11/05/2020      Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022



H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

## I.  Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders

By virtue of my signature below, I **HEREBY CERTIFY** my knowledge of and compliance with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws, and certify the following conditions of employment:

1.  **JOB OPPORTUNITY**:  Employer assures that the job opportunity identified in this clearance order (hereinafter also referred to as the "job order") is a full-time temporary position being placed with the SWA in connection with an H-2A *Application for Temporary Employment Certification* for H-2A workers and this clearance order satisfies the requirements for agricultural clearance orders in 20 CFR 653, subpart F and the requirements set forth in 20 CFR 655.122.  This job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR 655, Subpart B.  The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship.

2.  **NO STRIKE, LOCKOUT, OR WORK STOPPAGE**:  Employer assures that this job opportunity, including all worksites for which the employer is requesting H-2A labor certification does not currently have workers on strike or being locked out in the course of a labor dispute.  20 CFR 655.135(b).

3.  **HOUSING FOR WORKERS**:  Employer agrees to provide for or secure housing for H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence at the end of the work day.  That housing complies with the applicable local, State, and Federal standards and is sufficient to house the specified number of workers requested through the clearance system.  The employer will provide the housing without charge to the worker.  Any charges for rental housing will be paid directly by the employer to the owner or operator of the housing.  If public accommodations are provided to workers, the employer agrees to pay all housing-related charges directly to the housing's management.  The employer agrees that charges in the form of deposits for bedding or other similar incidentals related to housing (e.g., utilities) must not be levied upon workers.  However, the employer may require workers to reimburse them for damage caused to housing by the individual worker(s) found to have been responsible for damage which is not the result of normal wear and tear related to habitation.  When it is the prevailing practice in the area of intended employment and the occupation to provide family housing, the employer agrees to provide family housing at no cost to workers with families who request it. 20 CFR 655.122(d), 653.501(c)(3)(vi).

    *Request for Conditional Access to Intrastate or Interstate Clearance System*:  Employer assures that the housing disclosed on this clearance order will be in full compliance with all applicable local, State, or Federal standards at least 20 calendar days before the housing is to be occupied. 20 CFR 653.502(a)(3).  The Certifying Officer will not certify the application until the housing has been inspected and approved.

4.  **WORKERS' COMPENSATION COVERAGE**:  Employer agrees to provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment.  If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer agrees to provide, at no cost to the worker, insurance covering injury and disease arising out of and in the course of the worker's employment that will provide benefits at least equal to those provided under the State workers' compensation law for other comparable employment. 20 CFR 655.122(e).

5.  **EMPLOYER-PROVIDED TOOLS AND EQUIPMENT**:  Employer agrees to provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned.  20 CFR 655.122(f).

6.  **MEALS**:  Employer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals.  Where the employer provides the meals, the job offer will state the charge, if any, to the worker for such meals.  The amount of meal charges is governed by 20 CFR 655.173. 20 CFR 655.122(g).

    For workers engaged in the herding or production of livestock on the range, the employer agrees to provide each worker, without charge or deposit charge, (1) either three sufficient meals a day, or free and convenient cooking facilities and adequate provision of food to enable the worker to prepare his own meals.  To be sufficient or adequate, the meals or food provided must include a daily source of protein, vitamins, and minerals; and (2) adequate potable water, or water that can be easily rendered potable and the means to do so.  20 CFR 655.210(e).

7.  **TRANSPORTATION AND DAILY SUBSISTENCE**:  Employer agrees to provide the following transportation and daily subsistence benefits to eligible workers.

    A.  *Transportation to Place of Employment (Inbound)*

        If the worker completes 50 percent of the work contract period, and the employer did not directly provide such transportation or subsistence or otherwise has not yet paid the worker for such transportation or subsistence costs, the employer agrees to reimburse the worker for reasonable costs incurred by the worker for transportation and daily subsistence from the place from which the worker has come to work for the employer, whether in the U.S. or abroad to the place of employment.  The amount of the transportation payment must be no less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved.  The amount the employer will pay for daily subsistence expenses are those amounts disclosed in this clearance order, which are at least as much as the employer would charge the worker for providing the worker with three meals a day during employment (if applicable), but in no event will it be less than the amount permitted under 20 CFR 655.173(a).  The employer understands that the Fair Labor Standards Act applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages. 20 CFR 655.122(h)(1).

    B.  *Transportation from Place of Employment (Outbound)*

        If the worker completes the work contract period, or is terminated without cause, and the worker has no immediate subsequent H-2A employment, the employer agrees to provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker, disregarding intervening employment, departed to work for the employer.  Return transportation will not be provided to workers who voluntarily abandon employment before the end of the work contract period, or who are terminated for cause, if the employer follows the notification requirements in 20 CFR 655.122(n).

**Form ETA-790A**                                **FOR DEPARTMENT OF LABOR USE ONLY**                                Page 5 of 8

H-2A Case Number: H-300-20241-794468   Case Status: Full Certification   Determination Date: 11/05/2020   Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



If the worker has contracted with a subsequent employer who has not agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's worksite to such subsequent employer's worksite, the employer must provide for such expenses.  If the worker has contracted with a subsequent employer who has agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's worksite to such subsequent employer's worksite, the subsequent employer must provide or pay for such expenses.

The employer is not relieved of its obligation to provide or pay for return transportation and subsistence if an H-2A worker is displaced as a result of the employer's compliance with the 50 percent rule as described in sec. 655.135(d) of this subpart with respect to the referrals made after the employer's date of need. 20 CFR 655.122(h)(2).

C.   *Daily Transportation*

Employer agrees to provide transportation between housing provided or secured by the employer and the employer's worksite(s) at no cost to the worker. 20 CFR 655.122(h)(3).

D.   *Compliance with Transportation Standards*

Employer assures that all employer-provided transportation will comply with all applicable Federal, State, or local laws and regulations. Employer agrees to provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR 500.105 and 29 CFR 500.120 to 500.128.  If workers' compensation is used to cover transportation, in lieu of vehicle insurance, the employer will ensure that such workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation.  Employer agrees to have property damage insurance. 20 CFR 655.122(h)(4).

8.   **THREE-FOURTHS GUARANTEE**:  Employer agrees to offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays of the total period beginning with the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any.  20 CFR 655.122(i).

The employer may offer the worker more than the specified hours of work on a single workday.  For purposes of meeting the three-fourths guarantee, the worker will not be required to work for more than the number of hours specified in the job order for a workday, or on the worker's Sabbath or Federal holidays.  If, during the total work contract period, the employer affords the U.S. or H-2A worker less employment than that required under this guarantee, the employer will pay such worker the amount the worker would have earned had the worker, in fact, worked for the guaranteed number of days.  An employer will not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays if each workday did not consist of a full number of hours of work time as specified in the job order.  All hours of work actually performed may be counted by the employer in calculating whether the period of guaranteed employment has been met.  Any hours the worker fails to work, up to a maximum of the number of hours specified in the job order for a workday, when the worker has been offered an opportunity to work, and all hours of work actually performed (including voluntary work over 8 hours in a workday or on the worker's Sabbath or Federal holidays), may be counted by the employer in calculating whether the period of guaranteed employment has been met.  20 CFR 655.122(i).

If the worker is paid on a piece rate basis, the employer agrees to use the worker's average hourly piece rate earnings or the required hourly wage rate, whichever is higher, to calculate the amount due under the three-fourths guarantee.  20 CFR 655.122(i).

If the worker voluntarily abandons employment before the end of the period of employment set forth in the job order, or is terminated for cause, and the employer follows the notification requirements in 20 CFR 655.122(n), the worker is not entitled to the three-fourths guarantee.  The employer is not liable for payment of the three-fourths guarantee to an H-2A worker whom the Department of Labor certifies is displaced due to the employer's requirement to hire qualified and available U.S. workers during the recruitment period set out in 20 CPR 655.135(d), which lasts until 50 percent of the period of the work contract has elapsed (50 percent rule).  20 CFR 655.122(i).

*Important Note*:  In circumstances where the work contract is terminated due to contract impossibility under 20 CFR 655.122(o), the three-fourths guarantee period ends on the date of termination.

9.   **EARNINGS RECORDS**:  Employer agrees to keep accurate and adequate records with respect to the workers' earnings at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained.  All records must be available for inspection and transcription by the Department of Labor or a duly authorized and designated representative, and by the worker and representatives designated by the worker as evidenced by appropriate documentation.  Where the records are maintained at a central recordkeeping office, other than in the place or places of employment, such records must be made available for inspection and copying within 72 hours following notice from the Department of Labor, or a duly authorized and designated representative, and by the worker and designated representatives.  The content of earnings records must meet all regulatory requirements and be retained by the employer for a period of not less than 3 years after the date of certification by the Department of Labor.  20 CFR 655.122(j).

10.  **HOURS AND EARNINGS STATEMENTS**:  Employer agrees to furnish to the worker on or before each payday in one or more written statements the following information: (1) the worker's total earnings for the pay period; (2) the worker's hourly rate and/or piece rate of pay; (3) the hours of employment offered to the worker (showing offers in accordance with the three-fourths guarantee as determined in 20 CFR 655.122(i), separate from any hours offered over and above the guarantee); (4) the hours actually worked by the worker; (5) an itemization of all deductions made from the worker's wages; (6) If piece rates are used, the units produced daily; (7) beginning and ending dates of the pay period; and (8) the employer's name, address and FEIN.  20 CFR 655.122(k).

For workers engaged in the herding or production of livestock on the range, the employer is exempt from recording and furnishing the hours actually worked each day, the time the worker begins and ends each workday, as well as the nature and amount of work performed, but otherwise must comply with the earnings records and hours and earnings statement requirements set out in 20 CFR 655.122(j) and (k).  The employer agrees to keep daily records indicating whether the site of the employee's work was on the range or off the range.  If the employer prorates a worker's wage because of the worker's voluntary absence for personal reasons, it must also keep a record of the reason for the worker's absence. 20 CFR 655.210(f).

**Form ETA-790A**                     **FOR DEPARTMENT OF LABOR USE ONLY**                                        Page 6 of 8

H-2A Case Number: H-300-20241-794468     Case Status: Full Certification     Determination Date: 11/05/2020     Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



11. **RATES OF PAY**:  The employer agrees that it will offer, advertise in its recruitment, and pay at least the Adverse Effect Wage Rate (AEWR), the prevailing hourly wage rate, the prevailing piece rate, the agreed-upon collective bargaining rate, or the Federal or State minimum wage rate, in effect at the time work is performed, whichever is highest.  If the worker is paid by the hour, the employer must pay this rate for every hour or portion thereof worked during a pay period.  If the offered wage(s) disclosed in this clearance order is/are based on commission, bonuses, or other incentives, the employer guarantees the wage paid on a weekly, semi-monthly, or monthly basis will equal or exceed the AEWR, prevailing hourly wage or piece rate, the legal Federal or State minimum wage, or any agreed-upon collective bargaining rate, whichever is highest.

If the worker is paid on a piece rate basis and at the end of the pay period the piece rate does not result in average hourly piece rate earnings during the pay period at least equal to the amount the worker would have earned had the worker been paid at the appropriate hourly rate of pay, the employer agrees to supplement the worker's pay at that time so that the worker's earnings are at least as much as the worker would have earned during the pay period if the worker had instead been paid at the appropriate hourly wage rate for each hour worked.  20 CFR 655.120, 655.122(l).

For workers engaged in the herding or production of livestock on the range, the employer agrees to pay the worker at least the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, in effect at the time work is performed, whichever is highest, for every month of the job order period or portion thereof.  If the offered wage disclosed in this clearance order is based on commissions, bonuses, or other incentives, the employer assures that the wage paid will equal or exceed the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, whichever is highest, and will be paid to each worker free and clear without any unauthorized deductions.  The employer may prorate the wage for the initial and final pay periods of the job order period if its pay period does not match the beginning or ending dates of the job order.  The employer also may prorate the wage if an employee is voluntarily unavailable to work for personal reasons.  20 CFR 655.210(g).

12. **FREQUENCY OF PAY**:  Employer agrees to pay workers when due based on the frequency disclosed in this clearance order.  20 CFR 655.122(m).

13. **ABANDONMENT OF EMPLOYMENT OR TERMINATION FOR CAUSE**:  If a worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, employer is not responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and that worker is not entitled to the three-fourths guarantee, if the employer notifies the Department of Labor and, if applicable, the Department of Homeland Security, in writing or by any other method specified by the Department of Labor or the Department of Homeland Security in the Federal Register, not later than 2 working days after the abandonment or termination occurs.  A worker will be deemed to have abandoned the work contract if the worker fails to show up for work at the regularly scheduled time and place for 5 consecutive work days without the consent of the employer.  20 CFR 655.122(n).

14. **CONTRACT IMPOSSIBILITY**: The work contract may be terminated before the end date of work specified in the work contract if the services of the workers are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God that makes fulfillment of the contract impossible, as determined by the U.S. Department of Labor.  In the event that the work contract is terminated, the employer agrees to fulfill the three-fourths guarantee for the time that has elapsed from the start date of work specified in the work contract to the date of termination.  The employer also agrees that it will make efforts to transfer the worker to other comparable employment acceptable to the worker and consistent with existing immigration laws.  In situations where a transfer is not affected, the employer agrees to return the worker at the employer's expense to the place from which the worker, disregarding intervening employment, came to work for the employer, or transport the worker to his/her next certified H-2A employer, whichever the worker prefers.  The employer will also reimburse the worker the full amount of any deductions made by the employer from the worker's pay for transportation and subsistence expenses to the place of employment.  The employer will also pay the worker for any transportation and subsistence expenses incurred by the worker to that employer's place of employment.  The amounts the employer will pay for subsistence expenses per day are those amounts disclosed in this clearance order.  The amount of the transportation payment must not be less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. 20 CFR 655.122(o).

The employer is not required to pay for transportation and daily subsistence from the place of employment to a subsequent employer's worksite if the worker has contracted with a subsequent employer who has agreed to provide or pay for the worker's transportation and subsistence expenses from the present employer's worksite to the subsequent employer's worksite.  20 CFR 655.122(h)(2).

15. **DEDUCTIONS FROM WORKER'S PAY**: Employer agrees to make all deductions from the worker's paycheck required by law.  This job offer discloses all deductions not required by law which the employer will make from the worker's paycheck and all such deductions are reasonable, in accordance with 20 CFR 655.122(p) and 29 CFR part 531.  The wage requirements of 20 CFR 655.120 will not be met where undisclosed or unauthorized deductions, rebates, or refunds reduce the wage payment made to the employee below the minimum amounts required under 20 CFR part 655, subpart B, or where the employee fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.  20 CFR 655.122(p).

16. **DISCLOSURE OF WORK CONTRACT**: Employer agrees to provide a copy of the work contract to an H-2A worker no later than the time at which the worker applies for the visa, or to a worker in corresponding employment no later than on the day work commences.  For an H-2A worker coming to the employer from another H-2A employer, the employer agrees to provide a copy of the work contract no later than the time an offer of employment is made to the H-2A worker.  A copy of the work contract will be provided to each worker in a language understood by the worker, as necessary or reasonable.  In the absence of a separate, written work contract entered into between the employer and the worker, the required terms of this clearance order, including all Addendums, and the certified *H-2A Application for Temporary Employment Certification* will be the work contract. 20 CFR 655.122(q).

| | | |
|---|---|---|
| **Form ETA-790A** | **FOR DEPARTMENT OF LABOR USE ONLY** | Page 7 of 8 |

H-2A Case Number: H-300-20241-794468    Case Status: Full Certification    Determination Date: 11/05/2020    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



17. **ADDITIONAL ASSURANCES FOR CLEARANCE ORDERS**:

A. Employer agrees to provide to workers referred through the clearance system the number of hours of work disclosed in this clearance order for the week beginning with the anticipated date of need, unless the employer has amended the date of need at least 10 business days before the original date of need by so notifying the Order-Holding Office (OHO) in writing (e.g., e-mail notification). The employer understands that it is the responsibility of the SWA to make a record of all notifications and attempt to inform referred workers of the amended date of need expeditiously. 20 CFR 653.501(c)(3)(i).

If there is a change to the anticipated date of need, and the employer fails to notify the OHO at least 10 business days before the original date of need, the employer agrees that it will pay eligible workers referred through the clearance system the specified rate of pay disclosed in this clearance order for the first week starting with the originally anticipated date of need or will provide alternative work if such alternative work is stated on the clearance order. 20 CFR 653.501(c)(5).

B. Employer agrees that no extension of employment beyond the period of employment specified in the clearance order will relieve it from paying the wages already earned, or if specified in the clearance order as a term of employment, providing transportation from the place of employment, as described in paragraph 7.B above. 20 CFR 653.501(c)(3)(ii).

C. Employer assures that all working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws. 20 CFR 653.501(c)(3)(iii).

D. Employer agrees to expeditiously notify the OHO or SWA by emailing and telephoning immediately upon learning that a crop is maturing earlier or later, or that weather conditions, over-recruitment, or other factors have changed the terms and conditions of employment. 20 CFR 653.501(c)(3)(iv).

E. If acting as a farm labor contractor (FLC) or farm labor contractor employee (FLCE) on this clearance order, the employer assures that it has a valid Federal FLC certificate or Federal FLCE identification card and when appropriate, any required State FLC certificate. 20 CFR 653.501(c)(3)(v).

F. Employer assures that outreach workers will have reasonable access to the workers in the conduct of outreach activities pursuant to 20 CFR 653.107. 20 CFR 653.501(c)(3)(vii).

*I **declare** under penalty of perjury that I have read and reviewed this clearance order, including every page of this Form ETA-790A and all supporting addendums, and that to the best of my knowledge, the information contained therein is true and accurate. This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job. 20 CFR 653.501(c)(3)(viii). I understand that to knowingly furnish materially false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both. 18 U.S.C. 2, 1001.*

| 1. Last (family) name * Canela | 2. First (given) name * Gumara | 3. Middle initial § |
|---|---|---|
| 4. Title * Farm :Labor Contractor | | |
| 5. Signature (or digital signature) * Digital Signature Verified and Retained By *Certifying Officer* | | 6. Date signed * 9/11/2020 |

**Employment Service Statement**

In view of the statutorily established basic function of the Employment Service (ES) as a no-fee labor exchange, that is, as a forum for bringing together employers and job seekers, neither the Department of Labor's Employment and Training Administration (ETA) nor the SWAs are guarantors of the accuracy or truthfulness of information contained on job orders submitted by employers. Nor does any job order accepted or recruited upon by the ES constitute a contractual job offer to which the ETA or a SWA is in any way a party. 20 CFR 653.501(c)(1)(i).

**Public Burden Statement** *(1205-0466)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average .63 hours per response for all information collection requirements, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing, reviewing, and submitting the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (44 U.S.C. 3501, Immigration and Nationality Act, 8 U.S.C. 1101, et seq.). Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Employment and Training Administration, Office of Foreign Labor Certification, 200 Constitution Ave., NW, Suite PPII 12-200, Washington, DC, 20210. (Paperwork Reduction Project OMB 1205-0466). DO NOT send the completed application to this address.

**Form ETA-790A**        **FOR DEPARTMENT OF LABOR USE ONLY**        Page 8 of 8

H-2A Case Number: H-300-20241-794468    Case Status: Full Certification    Determination Date: 11/05/2020    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment* | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Charles A Sikes | 6124 Stoneybrook Drive Blackshear, Georgia 31516 PIERCE | coordinates: 31.241533, -82.242709 | 10/30/2020 | 2/15/2021 | 73 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**FOR DEPARTMENT OF LABOR USE ONLY**

Case Status: Full Certification    Determination Date: 11/05/2020

Validity Period: _____ to _____

Page B.1 of B.1

**Form ETA-790A Addendum B**
H-2A Case Number: H-300-20241-794468



H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**

## H. Additional Material Terms and Conditions of the Job Offer

### a. Job Offer Information 1

| 1. Section/Item Number * | 2. Name of Section or Category of Material Term or Condition * |
|---|---|
| F.1 | Daily Transportation - Transportation Daily |

3. Details of Material Term or Condition (*up to 3,500 characters*) *

For workers hired from beyond normal commuting distance, after completion of 50 percent of the work contract period, the employer shall reimburse the worker for cost incurred by the worker for transportation and daily subsistence, as required by DOL regulations, from the place from which the worker has come to work for the employer to the place of employment. The daily subsistence while in travel will be no less than $12.68 per day without receipts and up to $55.00 per day with receipts as a maximum amount to be reimbursed. If worker completes the work contract period, the employer will provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker, disregarding intervening employment, came to work for the employer, or, if the worker has contracted with a subsequent employer who has not agreed in that contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's work-site to such subsequent employer's work-site, the employer will provide or pay for such expenses; except that, if the worker has contracted for employment with a subsequent employer who, in that contract, has agreed to pay for the worker's transportation and daily subsistence expenses from the employer's work-site to subsequent employer work-site, the employer is not required to provide or pay for such expenses.

### b. Job Offer Information 2

| 1. Section/Item Number * | 2. Name of Section or Category of Material Term or Condition * |
|---|---|
| F.2 | Inbound/Outbound Transportation - Transportation Daily |

3. Details of Material Term or Condition (*up to 3,500 characters*) *

For workers residing in the employer's housing, the employer will provide transportation between the worker's living quarters, and the employer's
work-site and return without cost to the worker. US Domestic workers not living employer supplied housing will be assigned to a crew that travels
through the workers living quarters daily and/or will be provided a free parking space at the company provided housing facility closest to their home and will be provided free transportation from the employer's housing to the employer's work-site and return without cost to the worker. The employer assures that all employers provided transportation meets all applicable local, state and federal requirements.

Form ETA-790A Addendum C

H-2A Case Number:  H-300-20241-794468

**FOR DEPARTMENT OF LABOR USE ONLY**

Case Status:  Full Certification        Determination Date:  11/05/2020        Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022