UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MARICELA MARIN-SANTIAGO, ) <br> JOSUE GARCIA-GARCIA, ) <br> DAVID MARIN- JOSE, ) <br> DIONICIO MARIN-JOSE, MOISES ) <br> SARMIENTO-JOSE, ELIZABETH ) <br> CANALES-CENTENO, SARA ) <br> CANALES-CENTENO, IBRAGIT ) <br> CORTES-ALMAZA, JESUS ) <br> GARCIA-CANALES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GUMARA CANELA, DANIEL ) <br> CANELA, D. CANELA ) <br> RESOURCES, LLC and ISMAEL ) <br> PEREZ, ) <br> ) <br> Defendants. ) | Civil Action No.: 5:21-CV-00061-LGW-BWC |

**DEFENDANT ISMAEL PEREZ'S BRIEF IN SUPPORT OF FRCP 12(b)(5) MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS, OR IN THE ALTERNATIVE CONSENT MOTION FOR ENLARGEMENT OF TIME FOR DEFENDANT ISMAEL PEREZ TO ANSWER PLAINTIFFS' AMENDED COMPLAINT**

### I. PLAINTIFF'S PARTIAL CONSENT

This motion seeks two forms of relief. First, it seeks to dismiss Plaintiffs' Complaint for insufficient process and insufficient service. Plaintiffs oppose this relief. If the Court dismisses Defendant Perez, undersigned counsel will execute a waiver of service of the summons in accordance with Fed. R. Civ. P. 4(d) should he be presented with such a request.

Second, it seeks to set February 7, 2022 (or such alternative date as the Court may deem appropriate) as the date for the filing of an Answer or other response to the Complaint as an alternative to dismissal. Plaintiffs consent to the entry of this relief.

1

The practical effect of this motion would be to set February 7, 2022 as the date for Defendant's Answer or other response to the Amended Complaint.

## II.  MOTION TO DISMISS

### Statement of Facts-Motion to Dismiss

The Plaintiffs filed this lawsuit against the Defendant, Ismael Perez (hereinafter "Perez") and others on October 18, 2021 (DE #1). The Summons issued by the Court for service upon Perez was directed to "Ismael Perez, 315 Main Street S, Pearson, Georgia 31642." (D#2, p.7). The address on the summons is not the address of the Defendant Perez, who is Ismael Perez, Sr. Rather, it is the address of the Defendant Perez's son, Ismael Perez, Jr. Perez Declaration, ¶ 2. Nowhere in the Complaint or Summons do those documents distinguish between Ismael Perez, Sr. and Ismael Perez, Jr. Plaintiffs served Perez, Jr., not Perez, Sr. Perez Declaration, ¶4. Perez, Jr. was not authorized to accept service for Perez, Sr. Perez, Sr. has never resided at the address shown on the summons, and therefore did not reside there on the date service was attempted. Perez Declaration ¶3. Plaintiffs never attempted any other service upon Perez, Sr. and on December 7, 2021, they filed the returned summons with the process server's proof of service referencing the October 25, 2021 date on which he appeared at the residence of Perez, Jr. and served Perez, Jr. under the mistaken impression that he was serving the Defendant in this action, Ismael Perez, Sr.

Within 21 days of service of their original Complaint, Plaintiffs filed their Amended Complaint pursuant to FRCP 15(c), which supersedes the original Complaint. *Georgia v. Biden*, 2021 U.S. Dist. LEXIS 234032, December 7, 2021; *Taylor v. Bd. of Regents of the Univ. Sys. of Ga.*, 2021 U.S. Dist. LEXIS 235533, December 9, 2021. (both cases noting the superseding nature of an amended complaint). Under the mistaken impression that they had obtained valid service upon Perez on the original Complaint when their process server served Perez, Jr., Plaintiffs simply

mailed a copy of the Amended Complaint to "Ismael Perez" on November 23, 2021, again using the address of Perez's son, 315 Main Street S, Pearson, Georgia 31642, and on December 7, 2021 filed a Certificate of Service with the Court to that effect.(DE#9).

## Argument and Citations to Authority

FRCP 4(e) specifies the acceptable methods a plaintiff may perfect service upon an individual defendant who, like the Defendant Perez, resides within a judicial district of the United States. "The plaintiff has the burden of proving valid service of process." *AmTrust N. Am. v. Sennebogen Maschinenfabrik GmbH*, No. 3:19-CV-1004-J-34PDB, 2020 U.S. Dist. LEXIS 166344, at *26 (M.D. Fla. Aug. 25, 2020). "Actual notice of a lawsuit does not render service of process valid." *Id.* "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987).

Plaintiffs did not serve Defendant Perez in accordance with Rule 4(e), which provides:

(e) **Serving an Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FRCP 4(e)

. They did not deliver a copy of the summons and complaint to him personally. They did not leave a copy at Defendant Perez' residence. They did not deliver a copy to an agent authorized by law to receive process. Nor did they comply with Georgia law, which is substantively indistinguishable from Rule 4. [1]. Rather than satisfying any of the above criteria, Plaintiffs' delivery of a summons and complaint to Defendant's son at his son's residence does not comply with Rule 4 or OCGA§9-11-4 (e)(7).  Plaintiff's Complaint should therefore be dismissed pursuant FRCP 12(b)(5) for insufficiency of service of process.

### III.   MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

If the Court finds that Plaintiffs perfected service upon Defendant Perez, Perez moves that the Court establish February 7, 2022 as the date for an Answer or other response to the Amended Complaint. Plaintiffs consent to this relief. The cleanest procedural vehicle for setting that date is to reconsider, and grant, Perez's pro se Motion for an Enlargement of Time to Answer Plaintiff's Complaint and in the Order set February 7, 2022 as the deadline.

On December 3, 2021, after both the service of the original Complaint and the mailing of the Amended Complaint were directed not to Perez, but to Perez's son, Perez filed a request with the Court for additional time to respond to the lawsuit in order to obtain an attorney to represent

---

[1] In relevant part, The Georgia statute requires service "…personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." OCGA§9-11-4 (e) (7)

4

him. DE #6. Perez explained that he wanted to defend himself ; that he did not read English and was confused by the notices; that he was actively seeking to secure counsel to appear for him; and that he would do whatever the Court directed so he could have a chance to defend himself.

This Motion was denied by the Court as premature because "[I]t does not appear Defendant has been served with a copy of the Amended Complaint" [DE#7]. As should be evident from Perez's Motion to Dismiss, Perez agrees that he has not been served.

If the Court concludes that Plaintiff's regular mail delivery to Perez was effective service of the Amended Complaint, Plaintiffs' Certificate of Service shows it was sent by regular mail on November 23, 2021 [DE#9], and thus deemed to be received by him on November 26, 2021 pursuant to the three day rule in FRCP 6(d).The only reason it appeared to the Court that Perez was not served is because Plaintiffs, who filed the Amended Complaint on November 15, 2021 [DE#5], did not file their Certificate of Service showing service by regular mail on November 23, 2021, until December 7, 2021[DE#9], the day after the Court's Order dismissing Perez's request for additional time as premature. Thus, Perez's pro se Motion was timely filed, his entitlement to additional time should be considered under the good cause standard of FRCP 6(b)(1)(A), and he is not required to show "excusable neglect." [2]

As Judge Ray noted in his recent decision in *Std. Ins. Co. v. Riley,* 2019 U.S. Dist. LEXIS 220624 December 23, 2019, "..., it is the preference in this circuit—to "resolve disputes on their merits." See *White v. Harris*, 2014 WL 12638087, * 4 (N.D. Ga. Oct. 22, 2014) (citations omitted); see also *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002)

---

[2] FRCP 6 (1) provides: When an act may or must be done within a specified time, the court may, for good cause, extend the time:(A) with or without motion or notice if the court acts, or **if a request is made, before the original time or its extension expires**; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. (emphasis added)

("Entry of judgment by default is a drastic remedy which should be used only in 'extreme situations' or 'exceptional circumstances.'").

Perez was not personally served, he does not speak English, he timely contacted this Court and requested additional time to obtain counsel and file an answer to Plaintiffs' Complaint, this Court told him his motion was premature. He nonetheless persevered in his efforts to secure counsel and has done so. Finally, there has been no entry of default or application by the Plaintiffs for a default judgment against Perez. To the contrary, Plaintiffs' counsel has authorized Perez to state to the Court that Plaintiffs consent to the alternative relief Perez is seeking in this motion, extending Perez's time to answer to February 7, 2022, or such other date the Court deems appropriate under the circumstances.

For all of the foregoing reasons, should the Court deny his Motion to Dismiss, Perez requests that the Court grant his Motion for Enlargement of Time, and extend Perez's time to answer Plaintiff's Amended Complaint to February 7, 2022, or such other date as the Court deems appropriate under the circumstances.

This 23rd day of December, 2021.

                      Respectfully Submitted,

                      BRENNAN & WASDEN, LLC

                      By:/s/ William E. Dillard, III
                          William E. Dillard, III
                          Georgia Bar No. 222030
                          *Attorney for Ismael Perez*

Post Office Box 8047
Savannah, Georgia 31412
bdillard@brennanwasden.com
912-232-6700
912-232-0799 (facsimile)

## **CERTIFICATE OF SERVICE**

I, William E. Dillard, III, the undersigned counsel for Ismael Perez, do hereby certify that I have this day served the following counsel of record with a copy of **Defendant Ismael Perez's Brief in Support of FRCP 12(b)(5) Motion to Dismiss for Insufficiency of Service of Process, or in the Alternative Consent Motion for Enlargement of Time for Defendant Ismael Perez to Answer Plaintiffs' Amended Complaint**, via electronic filing and email addressed as follows:

>Juan Alberto Barragan-Rangel
>Solimar Mercado-Spencer
>Lisa J. Krisher
>Georgia Legal Services Program
>104 Marietta Street NW, Suite 250
>Atlanta, GA  30303
>jbarragan@glsp.org
>smercado-spencer@glsp.org
>lkrisher@glsp.org
>*Attorneys for Plaintiffs*

This 23rd day of December, 2021.

>BRENNAN & WASDEN, LLC
>
>By:   /s/ William E. Dillard, III
>William E. Dillard, III
>Georgia Bar No. 222030
>*Attorney for Ismael Perez*

Post Office Box 8047
Savannah, Georgia 31412
912-232-6700
912-232-0799 (facsimile)