UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MARICELA MARIN-SANTIAGO, JOSUE GARCIA-GARCIA, DAVID MARIN-JOSE, DIONICIO MARIN-JOSE, MOISES SARMIENTO-JOSE, ELIZABETH CANALES-CENTENO, SARA CANALES-CENTENO, IBRAGIT CORTES-ALMANZA, and JESUS GARCIA-CANALES,<br><br>Plaintiffs,<br><br>v.<br><br>GUMARA CANELA, DANIEL CANELA, D. CANELA RESOURCES, LLC, and ISMAEL PEREZ,<br><br>Defendants. | Civil Action No.: 5:21-cv-00061-LGW-BWC |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ISMAEL PEREZ'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE

Plaintiffs, through undersigned counsel, file this memorandum in opposition to Defendant Ismael Perez's Motion to Dismiss for Insufficiency of Service of Process. (Doc. 20) Plaintiffs submit the following argument in opposition and respectfully request that Defendant's motion be DENIED.

### STATEMENT OF FACTS

Plaintiffs filed the original complaint in this action on October 18, 2021, and the Clerk of the Court issued summons as to Defendant Ismael Perez on the same day. (Doc. 1 & 2) There are four defendants in this action, including Defendant Perez.

On October 25, 2021, Plaintiffs, through the Atkinson County Sheriff's Department, delivered a copy of the summons and complaint to an individual named Ismael Perez, residing at 315 Main Street S, Pearson, GA 31642. (Doc. 8)

On November 15, 2021, Plaintiffs filed an Amended Complaint. Plaintiffs' Amended Complaint did not assert any new claims against Defendant Perez; therefore, Plaintiffs served the amended pleading pursuant to Fed. R. Civ. P. 5(b)(2)(C), by mailing it to the address they believed to be Defendant Perez's home address. (Doc. 9)

On December 3, 2021, Defendant Perez, pro se, filed a document with the Court, stating that "[t]he papers were served to my son who is named just like me and he gave them to me a few days later." In this document, Defendant Perez did not state that he did not reside at the address where the papers were served, but he did ask the Court for more time to find a lawyer. (Doc. 6)

On December 10, 2021, Attorney Wendel Hall called Plaintiffs' counsel to notify Plaintiffs that Defendant Perez had retained Hall and was seeking local counsel to defend Perez in this action. (Exhibit A)

On December 12, 2021, Plaintiffs e-mailed Defendant Perez's counsel to confer regarding Plaintiffs' proposed motion to extend the deadlines prescribed by Fed. R. Civ. P. 26(f). On December 17, 2021, Defendant Perez's counsel responded that Defendant took no position regarding Plaintiffs' proposed motion. (Exhibit A)

On December 20, 2021, Plaintiffs filed a Motion for Extension of Time to Hold Rule 26(f) Conference and to Submit Proposed Discovery Plan. (Doc. 16). The Court GRANTED Plaintiffs' Motion, setting the deadline for the 26(f) conference to February 7, 2022. (Doc. 19).

On December 22, 2021, Defendant Perez's counsel contacted Plaintiffs' counsel to confer regarding their proposed motion to dismiss for insufficient service of process or, in the alternative, an extension of time to file an Answer. It was during that conversation that Defendant's counsel, Attorney Hall, notified Plaintiffs' counsel that Defendant Perez did not reside at the address where the complaint was served and that Perez's son, of the same name, resided there instead. (Exhibit A) When Plaintiffs' counsel asked Hall to provide Perez's correct address, Hall stated that he did not know the address. *Id*. Ultimately, Plaintiffs' counsel informed Defendant's counsel that Plaintiffs would oppose a motion to dismiss but did not oppose a motion to extend the deadline to file an Answer to February 7, 2021. *Id.*

On December 23, 2021, Defendant Perez filed a Motion to Dismiss for Insufficiency of Service of Process, or in the Alternative a Consent Motion for Enlargement of Time for Defendant Perez to Answer Plaintiffs' Amended Complaint. (Doc. 20)

On January 3, 2022, Plaintiffs mailed a Request for Waiver of Service to Defendant Perez, at the mailing address he provided to the Court: P.O. Box 1195, Pearson, GA 31642; with copy to Defendant Perez's counsel via e-mail.

On January 4, 2022, Plaintiffs filed a Motion to Extend Time for Service of Complaint and Summons on Defendant Ismael Perez, asking for the deadline to be extended to March 2, 2022. (Doc. 21)

## LEGAL AUTHORITY AND ARGUMENT

**I.    DEFENDANT'S MOTION TO DISMISS IS PREMATURE BECAUSE THE DEADLINE FOR SERVING THE COMPLAINT HAS NOT RUN**

Pursuant to Fed. R. Civ. P. 4(m), if a defendant is not served within 90 days after the complaint was filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Moreover, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.*

In this case, the original complaint was filed on October 18, 2021; therefore, Plaintiffs still have until January 16, 2022 to effectuate service. Furthermore, Plaintiffs have requested that the Court grant them an extension of time to serve Defendant Perez. Therefore, Plaintiffs still have time to serve Defendant Perez with the Complaint and Summons, making his Motion to Dismiss for Insufficient Service premature.

**II.   DISMISSAL OF THE ACTION IS NOT AN APPROPRIATE REMEDY WHERE PROPER SERVICE OF PROCESS MAY STILL BE OBTAINED**

Under the Rules, so long as the action pends, process remains alive until it is effectively served . . . If process is served on the wrong person or otherwise improperly served, the action does not die; rather a new summons should be issued and good service attempted. *Cambridge Mut. Fire Ins. Co. v. Claxton*, 96 F.R.D. 175, 178, 1982 U.S. Dist. LEXIS 16012, *5-6, (S.D. Ga 1982). Dismissal of a complaint is generally inappropriate when there exists a reasonable prospect that service may yet be obtained. *Env't Mfg. Sols., LLC v. Fluid Grp., Ltd.*, No. 18-00156, 2018 U.S. Dist. LEXIS 131382, *38, 2018 WL 3635112, at *17 (M.D. Fla. May 9, 2018).

Plaintiffs have been diligent in attempting to serve the complaint and, in fact, were under the impression that they had properly served the complaint on Defendant Perez until they were notified by opposing counsel, on December 22, 2021, that there was a defect. If in fact Defendant Perez does not reside where his son was served with process, then the defective service was an honest mistake by Plaintiffs' counsel. Now that Plaintiffs are on notice of the mistake, they can cure this mistake by serving Defendant Perez at his correct address or by obtaining a waiver of service from him. Plaintiffs have already sent a request for Waiver of Service to Defendant Perez and have asked the Court to extend the time for them to cure service. Therefore, dismissal would not be an appropriate remedy.

Lastly, Defendant Perez is not the only defendant named in this action; there are three other defendants who have already been served with the complaint. (Doc. 22-24) Thus, dismissal of this action for insufficient service on one of the four defendants would also be inappropriate.

Therefore, Defendant Perez's Motion to Dismiss for Insufficiency of Service of Process should be Denied, and his alternative Consent Motion for Enlargement of Time for Defendant Ismael Perez to Answer Plaintiffs' Amended Complaint should be Granted.

Respectfully submitted this 5th day of January 2022,

*/s/ Juan Alberto Barragan-Rangel*
Juan Alberto Barragan-Rangel
Lead Counsel
Georgia Bar No.: 421897
E-mail: jbarragan@glsp.org

/s/ *Solimar Mercado-Spencer*
Solimar Mercado-Spencer
Georgia Bar No.: 686614
E-mail: smercado-spencer@glsp.org


/s/ *Lisa J. Krisher*
Lisa J. Krisher
Georgia Bar No.: 429762
E-mail: lkrisher@glsp.org

Georgia Legal Services Program
104 Marietta Street NW, Suite 250
Atlanta, GA 30303
Phone: (404) 463-1633
Fax:    (404) 463-1623

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 5, 2022, a true and correct copy of the foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ISMAEL PEREZ'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE was electronically filed with the Clerk of the Court using the CM/ECF system and mailed via U.S. Mail, with adequate postage, to:

| | |
|---|---|
| Gumara Canela<br>Coffee County Jail<br>825 Thompson Dr.<br>Douglas, GA 31535 | Daniel Canela<br>Coffee County Jail<br>825 Thompson Dr.<br>Douglas, GA 31535 |

D. Canela Resources, LLC
ATTN: Gumara Canela, Owner
Coffee County Jail
825 Thompson Dr.
Douglas, GA 31535

The Court, though the CM/ECF system, will send copy to:

William E. Dillard, III
Brennan & Wasden, LLC
411 E. Liberty Street
Savannah, Georgia 31401
Counsel for Defendant Ismael Perez

Respectfully submitted this 5th day of January 2022.

/s/ Juan Alberto Barragan-Rangel
Juan Alberto Barragan-Rangel
Georgia Bar No.: 421897
Georgia Legal Services Program
104 Marietta Street NW, Suite 250
Atlanta, GA 30303
E-mail: jbarragan@glsp.org
Phone: (404) 463-1633

Attorney for Plaintiffs