To Whom It May Concern, 1-20-22

I, Gumara Canela, am writing today in reguards to my case. I am currently incarcerated in Coffee County Jail, where I have been since Nov. 17, 2021. When it comes to the matter concerning Civil Action No.: 5:21-cv-00061-LGW-BWC, I, the defendant, am ready to proceed with the case. It seems to appear that several mistakes have been made by the Plaintiffs (or their legal representation) that is causing the continuance to be procrastinated instead of progressive. I, for one, am not interested in wasting anymore time than what I have already lost due to the mishaps of other personel. I am basing my opinion to request continuance on the example of Exhibit A. I do not find it to be in my best interest to be the one that has to wait because of the carelessness of someone else. Then if we reflect on Exhibit B: When it comes to the contract, H-2A Agricultural Clearance Order Form ETA-790A, you can see the end date of the contract is Feb. 15, 2021. That means that the contract was not due for renewal until said date. Therefore, I want to dually note that the rate of pay from $11.71 to $11.81 would not have affected said contract, being that the .10¢ increase was only subject to those in the contract pay period after Feb. 22, 2021. Therefore, according to Clause #11 in Exhibit B of contract form ETA-790A,

I, the defendant, met said terms and conditions reguarding the rate of pay. Also, I, the defendant, would ~~also~~ like to make note of Clause #13 in said contract Form ETA-790A of Exhibit B in relation to Abandonment of job. Clearly the Plaintiffs breached the terms of said contract when they voluntarily did not come to work. Therefore, According to my knowledge and written standards of ~~said~~ ~~said~~ said contract, I, the defendant, do not ~~~~ find any reason to proceed as punishment for civil case due to the fact that the employee breached the contract, not the employer. I also believe that due to certain mishaps in the case, combined with inconsistancy of Plaintiffs statements, that the civil case should be dismissed, considering the terms of said contract in Exhibit B. Now, I, the defendant, would like to reflect said contract listed in Exhibit C. First, I would like to make note that the contract in Exhibit C is <u>NOT</u> the correct contract for said period of time. I, the defendant, have the actual contract and am willing to present it to the courts to provide proof of certification reguarding the correct contract. In clause #3 of correct contract, I, the defendant, believe that I did meet all requirements according to the law in the state of Georgia, seeing as how the contract is/was certified in reference to <u>code 20 CFR 653.502(a)(3)</u>. Also, I, the defendant, find that the Plaintiff Jesus Cortez-Almanza should be

held res[ponsible for damages to provided] housing according to clause #3 of said contract. As we move forward, I, the defendant, would like to make note of clause #6. All of the requirements under this clause are subject to <u>code 20 CFR 655.173</u>, and also <u>code 20 CFR 655.122(g)</u>, meaning that only under the approval of those statures would said contract be certified. Also, I, the defendant, do not find it to be punishable upon myself that employees "feel" a certain type of way [on] how employees are handled about the difference of meals (or preperation of) due to the difference of job titles, as clause #6 clearly states rules of meals in reference to job duties. Now I, the defendent, would like to reflect on clause #8. As the employer, I agreed in said contract, to <u>Code 20 CFR 655.122(i)</u>, in which I did comply, unless employees breached contract under the penalty of <u>code 20 CFR 655.122(n)</u>, meaning they were no longer entitled to The Three Fourths Guarantee under clause #8 of said contract. Also, I, the defendent, to my knowledge did comply with <u>code 20 CFR 655.122(j)</u> under clause #9 and <u>code 20 CFR 655.122(k)</u> of clause #10 and can provide proof of said records. I, the defendent, did comply to the best of my knowledge with <u>code CFR 655.120, 655.122(i)</u> in clause #11, and <u>code 20 CFR 655.122(n)</u> under clause #13.

Also, to stop shortage, I, the defendant, do find that I did comply with code 20 CFR 655.122(q) under clause #16 of said contract, being that it is impossible under law for any employee to cross border lines between Mexico and the United States without the contract present at the time of crossing. In closing, I, the defendant, find that I have complied with all local, state, and Federal laws and codes required of me lawfully. As sole owner of D. Canela Resources, LLC, I believe to my knowledge that each employee willingly signed and agreed to every clause under said contract and therefore are subject to penalty under any clause subject to every code listed in contract. No threats were made to any employee to sign contract. Every Employee is subject to deportation according to breach in contract under Code 20 CFR 655.122(n) noted in clause #13. Not to say that employees are guarenteed to be deported. The contract clearly states that upon breachment of said contract would Homeland Security be notified and the final decision will be up to their department. Also not to forget to mention clause 4(a)(3) in said contract. Unless employee meets 50% completion of the work period, they are not entitled to be reimbursed for any cost as required by DOL regulations.

Gumara Canela Roman  Thank you for your concern,
10775
Coffee County Jail    X ⟵

1-31-22

To whom it may concern:

I, Gumara Canela, am writing this letter for one purpose. That is to write an official statement notifying whomever that when it comes to D. Canela Resources, LLC, I am the sole owner of the company. D. Canela Resources, LLC is liscened and registered under my name, Guinara Canela. I am a farm labor contractor and have valid certification and identification to prove that I am the sole owner of the company. As sole ~~[scribbled]~~ owner of company, I take responsibility in full for the D. Canela Resources, LLC business. Also I would like to make note that even though I am the owner and manager of D. Canela Resources, LLC, I still have to follow orders given to me by KNB Farms located at 2837 Horseshoe Road in Pierce county, Ga, 31551. The owners of KNB Farms gives the authority of hiring and firing employees, housing, and hours given, which is then executed through D. Canela Resources, LLC. or any other farmer listed in contracts; as D. Canela Resources, LLC works for other farmers other than KNB Farms.

Thanks for your concern,

Gumara Canela Roman

X _____

10775
Coffee County Jail

Omara Canela Roman
Coffee county Jail
825 Thompson Dr
Douglas GA 31533 S.

United States District Court
Southern District of Georgia
Waycross Division
\_ St

JACKSONVILLE FL 320
24 JAN 2022 PM 1 L

US COURTS
SOUTHERN DISTRICT
PO BOX 8286
SAVANNAH, GA 31412