UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| MARICELA MARIN-SANTIAGO, | ) | |
| JOSUE GARCIA-GARCIA, | ) | |
| DAVID MARIN- JOSE, | ) | |
| DIONICIO MARIN-JOSE, MOISES | ) | |
| SARMIENTO-JOSE, ELIZABETH | ) | |
| CANALES-CENTENO, SARA | ) | |
| CANALES-CENTENO, IBRAGIT | ) | |
| CORTES-ALMAZA, JESUS | ) | |
| GARCIA-CANALES, | ) | Civil Action No.: 5:21-CV-00061- |
| | ) | LGW-BWC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUMARA CANELA, DANIEL | ) | |
| CANELA, D. CANELA | ) | |
| RESOURCES, LLC and ISMAEL | ) | |
| PEREZ, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF DEFENDANT ISMAEL PEREZ

Now comes Defendant Ismael Perez and states as his Answer to the Amended

Complaint as follows:

## DEMAND FOR TRIAL BY JURY

Perez hereby invokes his rights under the Seventh Amendment if the United

States Constitution, Fed. R. Civ. Proc. 38, and any and all statutory entitlements he

1

may have with respect to the claims asserted against him in this action and demands a trial by jury on all issues so triable.

## I.      PRELIMINARY STATEMENT

1.      Perez denies the allegations of Paragraph 1 of the Amended Complaint.

2.      Perez denies the allegations of Paragraph 2 of the Amended Complaint.

3.      Perez neither admits nor denies the allegations of Paragraph 3 of the Amended Complaint because he does not know why Plaintiffs would bring this lawsuit.

4.      Perez neither admits nor denies the allegations of Paragraph 4 of the Amended Complaint because he does not know why Plaintiffs would bring this lawsuit or what they possibly could be seeking from him.

## II.     JURISDICTION AND VENUE

5.      Perez denies that this Court has subject matter jurisdiction over this matter under Article III of the United States Constitution. Perez further denies that Congress has granted this Court statutory jurisdiction over this matter. Congress assigned exclusive jurisdiction over the alleged violations of the H-2A regulations to the United States Department of Labor after investigation by the Wage and Hour Division. Perez denies that Plaintiffs may evade the Department of Labor's exclusive jurisdiction by dressing their alleged H-2A regulatory violations up as purported

violations of other statutes. This Court lacks either constitutional or statutory jurisdiction.

6.    Perez denies that this Court may exercise supplemental jurisdiction over Plaintiffs' breach of contract claims. Congress assigned adjudication of such claims to the exclusive jurisdiction to the United States Department of Labor after investigation by the Wage and Hour Division. Perez therefore denies that Congress included these claims within the scope of 28 U.S.C. § 1367.

7.    Defendant Perez neither admits nor denies that allegation contained in Paragraph 7 of the Amended Complaint because it states a legal conclusion rather than making an allegation of fact as required by Federal Rule of Civil Procedure 8.

### III.    PARTIES

8.    Defendant Perez admits that the listed Plaintiffs were, at all times relevant to this action, lawfully admitted to the United States in accordance with the requirements of 8 U.S.C. §§ 1101(a)(15)(H)(ii)(A), 1188; the applicable regulations, and other applicable law.

9.    Defendant Perez neither admits nor denies the allegation contained in Paragraph 9 as it contains social commentary rather than making an allegation of fact as required by Federal Rule of Civil Procedure 8.

10.    Defendant Perez denies that he employed Plaintiffs, whether in interstate commerce or otherwise.

11.     Defendant Perez denies that he employed Plaintiffs, whether in interstate commerce or otherwise.

12.     Defendant Perez denies that he transported Plaintiffs from Mexico to Georgia or otherwise.

13.     Defendant Perez admits that certain forms, the authenticity of which has not been established, are attached to the Amended Complaint.

### Defendant D. Canela Resources

14-19.     Defendant Perez neither admits nor denies any of the allegations contained in Paragraphs 14-19 of the Amended Complaint as they relate only to another Defendant and he lacks sufficient information to form a belief as to the truth of the matters alleged.

### Defendants Gumara Canela and Daniel Canela

20-26.     Defendant Perez neither admits nor denies any of the allegations contained in Paragraphs 20-26 of the Amended Complaint as they relate only to another Defendant and he lacks sufficient information to form a belief as to the truth of the matters alleged.

### Defendant Ismael Perez

27.     Defendant Perez admits that the allegation of Paragraph 27 of the Amended Complaint.

28.    Defendant Perez denies the allegation of Paragraph 28 of the Amended Complaint as it is untrue.

29.    Defendant Perez neither admits nor denies the allegation contained in Paragraph 29 as it contains only a legal conclusion rather than making an allegation of fact as required by Federal Rule of Civil Procedure 8. To the extent that Paragraph 29 is deemed to present an allegation of fact related to Plaintiffs, it is denied.

30.    Defendant Perez neither admits nor denies the allegation contained in Paragraph 30 as it contains only a legal conclusion rather than making an allegation of fact as required by Federal Rule of Civil Procedure 8. To the extent that Paragraph 30 is deemed to present an allegation of fact related to Plaintiffs, it is denied.

31.    Defendant Perez denies the allegation of Paragraph 31 of the Amended Complaint as it is untrue.

## IV.    STATUTORY AND REGULATORY STRUCTURE OF THE H-2A PROGRAM

38.[1]    Defendant Perez denies the allegation of Paragraph 38 of the Amended Complaint to the extent that it implies that a prospective employer of H-2A workers need only obtain a Department of Labor certification before employing the workers. Paragraph 38 misstates the certification. 8 U.S.C. 1188(a)(1)(A) & (B) provide:

A petition to import an alien as an H-2A worker (as defined in subsection (i)(2)) may not be approved by the Attorney General unless

---

[1]    The paragraph following Paragraph 31 in the Amended Complaint is Paragraph 38. Defendant will follow Plaintiffs' numbering system.

the petitioner has applied to the Secretary of Labor for a certification that—

(**A**) there are not sufficient workers who are able, willing, and qualified, and who will be available at the time and place needed, to perform the labor or services involved in the petition, and

(**B**) the employment of the alien in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed.

39.     Defendant Perez neither admits nor denies the allegations of Paragraph 39 as the applicable regulations speak for themselves. Defendant Perez denies the allegations of Paragraph 39 to the extent that the allegations of Paragraph 39 do not accurately reflect the underlying legal authorities.

40.     Defendant Perez neither admits nor denies the allegations of Paragraph 40 as the applicable regulations speak for themselves. Defendant Perez denies the allegations of Paragraph 40 to the extent that the allegations of Paragraph 39 do not accurately reflect the underlying legal authorities. Defendant Perez admits that the enforcement of the alleged obligations has been lodged within the Wage and Hour Division of the United States Department of Labor. *See* 29 U.S.C. §§ 501.0 *et seq.*

41.     Defendant Perez neither admits nor denies the allegations of Paragraph 41 as the applicable regulations speak for themselves. Defendant Perez denies the allegations of Paragraph 41 to the extent that the allegations of Paragraph 39 do not accurately reflect the underlying legal authorities. Defendant Perez admits that the

enforcement of the alleged obligations has been lodged within the Wage and Hour Division of the United States Department of Labor. *See* 29 U.S.C. §§ 501.0 *et seq.*

## V.   STATEMENT OF ALLEGED FACTS

### Alleged Partnership between Ismael Perez and the Canelas

32.[2]   Defendant Perez denies the allegation contained in Paragraph 32 of the Amended Complaint.

33.   Defendant Perez denies the allegation contained in Paragraph 33 of the Amended Complaint.

34.   Defendant Perez refers Plaintiffs to the official records of the United States Department of Labor, which speak for themselves.

35.   Defendant Perez denies the allegation contained in Paragraph 35 of the Amended Complaint.

### The Employment Contracts (*sic*)

36-48.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraphs 36-48 of the Amended Complaint as they relate only to another Defendant and he lacks sufficient information to form a belief as to the truth of the matters alleged. To the extent that any allegation is directed toward Defendant Perez, it is denied.

---

[2]   At this point the Amended Complaint starts numbering paragraphs with Paragraph 32.

## Recruitment of Plaintiffs in Mexico

49.-58.      Defendant Perez denies the allegations of Paragraphs 49-58 of the Amended Complaint.

59.      Defendant Perez admits that Plaintiffs speak and understand Spanish.

60.      Defendant Perez neither admits nor denies the allegation of Paragraph 60 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

## Pre-Employment Expenses

61.      Defendant Perez neither admits nor denies the allegation of Paragraph 61 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted. Defendant Perez denies that Plaintiffs came to work for him.

62.      Defendant Perez neither admits nor denies the allegation of Paragraph 62 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

63.      Defendant Perez denies the allegation of Paragraph 63 of the Amended Complaint.

64.      Defendant Perez denies the allegation of Paragraph 64 of the Amended Complaint.

65.     Defendant Perez denies the allegation of Paragraph 65 of the Amended Complaint.

66.     Defendant Perez denies the allegation of Paragraph 66 of the Amended Complaint.

67.     Defendant Perez neither admits nor denies the allegation of Paragraph 67 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

68.     Defendant Perez neither admits nor denies the allegation of Paragraph 68 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

69.     Defendant Perez neither admits nor denies the allegation of Paragraph 69 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

70.     Defendant Perez neither admits nor denies the allegation of Paragraph 70 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

71.     Defendant Perez neither admits nor denies the allegation of Paragraph 71 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

72.     Defendant Perez neither admits nor denies the allegation of Paragraph 72 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

73.     Defendant Perez neither admits nor denies the allegation of Paragraph 73 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

74.     Defendant Perez neither admits nor denies the allegation of Paragraph 74 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

75.     Defendant Perez neither admits nor denies the allegation of Paragraph 75 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted. Defendant Perez denies that, if any such costs were incurred, they were for his benefit.

76.     Defendant Perez neither admits nor denies the allegation of Paragraph 76 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

77.     Defendant Perez neither admits nor denies the allegation of Paragraph 77 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

78.     Defendant Perez neither admits nor denies the allegation of Paragraph 78 of the Amended Complaint as it states a legal conclusion rather than presenting an allegation of fact as required by Federal Rule of Civil Procedure 8(a).

79.     Defendant Perez denies the allegation of Paragraph 79 of the Amended Complaint.

80.     Defendant Perez neither admits nor denies the allegation of Paragraph 80 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

## Alleged Wages and Working Conditions

81-100.     Defendant Perez neither admits nor denies the allegation of Paragraphs 81-100 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

## Alleged Facts Unique to the Mexico Plaintiffs (2021 Job Order)

## Alleged Facts Common Among all Plaintiffs (2020-21 and 2021 Job Orders)

100-118.     Defendant Perez neither admits nor denies the allegation of Paragraphs 100-118 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matter asserted.

## Alleged Human Trafficking Scheme

119.   Defendant Perez denies the allegations of Paragraph 119 of the Amended Complaint.

120.   Defendant Perez neither admits nor denies the allegation contained in Paragraph 120 as it contains social commentary rather than making an allegation of fact as required by Federal Rule of Civil Procedure 8.

121.   Defendant Perez denies the allegations of Paragraph 121 of the Amended Complaint.

122.   Defendant Perez denies the allegations of Paragraph 122 of the Amended Complaint.

123.   Defendant Perez denies the allegations of Paragraph 123 of the Amended Complaint.

124.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 124 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matters alleged.

125.   Defendant Perez denies the allegations of Paragraph 125 of the Amended Complaint.

126.   Defendant Perez denies the allegations of Paragraph 126 of the Amended Complaint.

127.   Defendant Perez denies the allegations of Paragraph 127 of the Amended Complaint.

128.   Defendant Perez denies the allegations of Paragraph 128 of the Amended Complaint.

129.   Defendant Perez denies the allegations of Paragraph 129 of the Amended Complaint.

130.   Defendant Perez denies the allegations of Paragraph 130 of the Amended Complaint.

131.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 131 of the Amended Complaint as they relate only to another Defendant and he lacks sufficient information to form a belief as to the truth of the matters alleged.

132.   Defendant Perez denies the allegations of Paragraph 132 of the Amended Complaint.

133.   Defendant Perez denies the allegations of Paragraph 133 of the Amended Complaint.

134.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 134 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matters alleged.

135.   Defendant Perez denies the allegations of Paragraph 135 of the Amended Complaint.

136.   Defendant Perez denies the allegations of Paragraph 136 of the Amended Complaint.

137.   Defendant Perez denies the allegations of Paragraph 137 of the Amended Complaint.

138.   Defendant Perez denies the allegations of Paragraph 138 of the Amended Complaint.

139.   Defendant Perez denies the allegations of Paragraph 139 of the Amended Complaint.

140.   Defendant Perez denies the allegations of Paragraph 140 of the Amended Complaint.

141.   Defendant Perez denies the allegations of Paragraph 141 of the Amended Complaint.

**Alleged Facts Common to the Oaxaca Plaintiffs**

142-149.       Defendant Perez denies the allegations of Paragraphs 142-149 of the Amended Complaint.

150.   Defendant Perez denies the allegations of Paragraph 150 of the Amended Complaint.

151.   Defendant Perez denies the allegations of Paragraph 151 of the Amended Complaint.

152.   Defendant Perez denies the allegations of Paragraph 152 of the Amended Complaint.

153.   Defendant Perez denies the allegations of Paragraph 153 of the Amended Complaint.

154.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 154 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matters alleged.

155.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 155 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matters alleged.

156.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 156 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matters alleged.

157.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 157 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matters alleged.

158.   Defendant Perez denies the allegations of Paragraph 158 of the Amended Complaint.

159.   Defendant Perez admits that the conversation to which Paragraph 159 alludes did not include reference to travel documents. Defendant Perez admits that he advised continuing their employment with others.

**The Mexico Plaintiffs**

160-170.    Defendant Perez neither admits nor denies any of the allegations contained in Paragraphs 160-170 of the Amended Complaint as he lacks sufficient information to form a belief as to the truth of the matters alleged.

171.   Defendant Perez denies the allegations of Paragraph 171 of the Amended Complaint.

172.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 172 of the Amended Complaint because it is legal argument not an allegation of fact and a response is not required.

**VI. CLAIMS**

**Fair Labor Standards Act**

173.   Defendant Perez incorporates his responses to Paragraphs 1-172 of the Amended Complaint as if fully restated herein.

174.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 174 of the Amended Complaint because it is legal argument not an allegation of fact and a response is not required.

175.   Defendant Perez denies the allegation of Paragraph 175 of the Amended Complaint.

176.   Defendant Perez denies the allegation of Paragraph 176 of the Amended Complaint.

177.   Defendant Perez denies the allegation of Paragraph 177 of the Amended Complaint.

178.   Defendant Perez denies the allegation of Paragraph 178 of the Amended Complaint.

## Count II

179-184.      This Count is not alleged against Defendant Perez. If it is, Defendant Perez incorporates the above responses and denies any new allegations.

## Count III: Breach of Contract Claims Arising Under State Law

185.   Defendant Perez incorporates his responses to Paragraphs 1-184 of the Amended Complaint as if fully restated herein.

186-194.      None of the factual allegations in Paragraphs 186-194 refer specifically to Defendant Perez and to the extent that he is encompassed in the term "Defendants", Defendant Perez denies the allegations.

## Count IV:   Breach of 20 C.F.R. § 655.122(i)

195-206.      This Count is not alleged against Defendant Perez. If it is, Defendant Perez incorporates the above responses and denies any new allegations.

## Count V

207.   Defendant Perez incorporates his responses to Paragraphs 1-206 of the Amended Complaint as if fully restated herein.

208.   Defendant Perez neither admits nor denies any of the allegations contained in Paragraph 208 of the Amended Complaint because it is legal argument not an allegation of fact and a response is not required.

209.   Defendant Perez denies the allegation of Paragraph 209 of the Amended Complaint.

210.   Defendant Perez denies the allegation of Paragraph 210 of the Amended Complaint.

211.   Defendant Perez denies the allegation of Paragraph 211 of the Amended Complaint.

212.   Defendant Perez denies the allegation of Paragraph 212 of the Amended Complaint.

## Count VI and Count VII

213-226.   These Counts are not alleged against Defendant Perez. If they are, Defendant Perez incorporates the above responses and denies any new allegations.

## DEFENSES

1.   The listing of a defense in this section shall not be construed as an admission that Defendant bears the burden of proof as to that defense, *i.e.*, that the defense is an "affirmative defense." The Federal Rules of Civil Procedure require a statement of defenses, not just affirmative, in the Answer.

2.     Defendant Perez generally denies that Plaintiffs can prove every element of every cause of action by a preponderance of the evidence. Defendant Perez therefore defends on the ground that the facts which Plaintiffs can prove do not support a verdict against him on any cause of action.

3.     Defendant Perez generally defends on the ground that the Amended Complaint fails to state a claim upon which relief can be granted and that he would not be liable even if Plaintiffs could prove all the alleged facts by a preponderance of the evidence.

4.     Defendant Perez does not consent to the amendment of the Amended Complaint. In particular, his decision to litigate a particular issue or set of issues does not constitute implied consent to the trial of those issues under Federal Rule of Civil Procedure 15. Defendant Perez reserves the right to object to any attempt to inject new claims and require that Plaintiff obtain leave to amend from the Court so long as objection is made before the entry of a Pre-Trial Order.

5.     Defendant Perez states that he has been named a defendant in an ongoing criminal prosecution involving the Canela defendants and the same general circumstances alleged in the Complaint. Plaintiff has filed this civil action under 18 U.S.C. § 1595(a). 18 U.S.C. 1595(b)(1) provides: "Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal arising out of the

same occurrence in which the claimant is the victim." Because this action under 18

U.S.C. § 1595(a) from its cognate theories of liability, this action "shall be" stayed.

6.      Defendant Perez suggests that this Court lacks statutory subject matter

jurisdiction. The gravamen of the Complaint is that Defendants violated numerous

regulations related to the H-2A Program and are liable to Plaintiffs upon a breach of

contract theory under Georgia law. However, 29 C.F.R. Part 501 – "Enforcement of

Contractual Obligations" – places enforcement authority exclusively in the Wage

and Hour Division of the Department of Labor (except for one instance in which it

is shared with the Office of Foreign Labor Certification of the Employment and

Training Administration of the Department of Labor). Because the specific

jurisdictional provision represents Congress' allocation of statutory subject matter

jurisdiction, this Court lacks statutory subject matter jurisdiction. It may also lack

Article III subject matter jurisdiction.

7.      Plaintiffs fail to state a claim upon which relief may be granted. The

Amended Complaint alleges that Gumara and Daniel Canela employed Plaintiffs.

Each of the causes of action requires Plaintiffs to prove by a preponderance of the

evidence that Defendant Perez employed each of them. For this reason, among many

others (all of which are reserved), Plaintiffs have not stated a claim upon which relief

may be granted.

8.      Defendant Perez intended to respond to each allegation of the Amended Complaint. If there is an allegation to which he did not respond, Defendant Perez denies that allegation and reserves the right to state an answer more specifically if he so chooses.

9.      Plaintiffs Elizabeth Canales-Centeno, Sara Canales-Centeno, Ibragit Cortes-Almanza, and Jesus Garcia-Canales do not allege any claims against Defendant Perez. The Court therefore lacks subject matter jurisdiction under Article III of the Constitution since they do not allege an injury, a causal link between Defendant Perez' actions and such alleged injury, or that the injury is redressable.

10.     Defendant Perez states that the claims against him should be severed, pursuant to Federal Rule of Civil Procedure 42(b), from the Amended Complaint. The Plaintiffs who assert claims against Defendant Perez should be specifically identified and they should be directed to file a new Complaint against Defendant Perez specifically.

11.     Based on the Amended Complaint, Defendant Perez states that the time relevant to this proceeding began on or about December 5, 2020.

12.     Defendant Perez states that some or all of the claims against him may be barred by an applicable statute of limitations such as 29 U.S.C. § 255 or the statutes of limitations applicable to other claims.

13.     Defendant Perez objects that the Amended Complaint violates Federal Rule of Civil Procedure 8(b) because it does not provide a short and plain statement of the claims, if any, against him. Throughout its 226 paragraphs, the Amended Complaint alleges claims on behalf of three different groups of Plaintiff (with some overlap): the Mexico Plaintiffs, the Marin Plaintiffs, and the Oaxaca Plaintiffs. It appears that all of the Marin Plaintiffs are Oaxaca Plaintiffs. It also seems that the Marin Plaintiffs and the Oaxaca Plaintiffs are all Mexico Plaintiffs. This method of pleading leaves Defendant Perez confused as to what people are asserting what claims, if any (since at least four Mexico Plaintiffs are not asserting any claims against him). What is worse is that the Amended Complaint repeatedly makes allegations against "defendants" without specifying which defendants. "Defendants" is compatible with Defendants Gumara and Daniel Canela as well as with Defendant Perez and Defendant Daniel Canela or Defendant Gumara Canela and Defendant Perez. In short, Defendant Perez does not know which factual allegations are really directed towards him. Rule 8(b) requires Plaintiffs to present Defendant Perez with a "short and plain statement of the claim showing that the pleader is entitled to relief" against him. *See* Fed. R. Civ. P. 8(b). Plaintiffs did not and the Amended Complaint violates Rule 8(b).

WHEREFORE, having fully answered the Complaint of the Plaintiffs, Defendant Ismael Perez prays that all claims asserted against him in this action be dismissed forthwith, that all costs of Court be cast upon the Plaintiffs.

This 4th day of March, 2022.

Respectfully Submitted,

BRENNAN & WASDEN, LLC

By:/s/ William E. Dillard, III
    William E. Dillard, III
    Georgia Bar No. 222030
    *Attorney for Ismael Perez*

Post Office Box 8047
Savannah, Georgia 31412
bdillard@brennanwasden.com
912-232-6700
912-232-0799 (facsimile)

## **<u>CERTIFICATE OF SERVICE</u>**

I, William E. Dillard, III, the undersigned counsel for Ismael Perez, do hereby

that I have this day served the following counsel of record with a copy of **Answer**

**and** certify **Defenses of Defendant Ismael Perez**, via electronic filing and email

addressed as follows:

> Juan Alberto Barragan-Rangel
> Solimar Mercado-Spencer
> Lisa J. Krisher
> Georgia Legal Services Program
> 104 Marietta Street NW, Suite 250
> Atlanta, GA  30303
> jbarragan@glsp.org
> smercado-spencer@glsp.org
> lkrisher@glsp.org
> *Attorneys for Plaintiffs*

This 4th day of March, 2022.

> BRENNAN & WASDEN, LLC
>
>
> By:   /s/ William E. Dillard, III
>       William E. Dillard, III
>       Georgia Bar No. 222030
>       *Attorney for Ismael Perez*

Post Office Box 8047
Savannah, Georgia 31412
912-232-6700
912-232-0799 (facsimile)