**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

MARICELA MARIN-SANTIAGO, et al.,

Plaintiffs,

v.

GUMARA CANELA, et al.,

Defendants.

CIVIL ACTION NO.: 5:21-cv-061

**RULE 26(f) REPORT**

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

March 8, 2022
For Plaintiffs: Juan Barragan-Rangel and Solimar Mercado-Spencer, Georgia Legal Services Program
For Defendant Ismael Perez: Wendel Hall, Hall Law Office, PLLC
For Defendant Gumara Canela: Not attended
For Defendant Daniel Canela: Not attended
For Defendant D. Canela Resources, LLC: Not attended

# I. INITIAL MATTERS:

## A. Jurisdiction and Venue

The defendant(s)

☒ does ☐ does not

contest jurisdiction and/or venue (for multiple defendants, identify which defendants contest jurisdiction and/or venue). If contested, such position is because:

1) Jurisdiction:

Defendant Ismael Perez contests jurisdiction and states: This lawsuit is in substance an attempt to prosecute alleged violations of 20 C.F.R. Part 655, subpart B against the Canela Defendants. Congress allocated prosecution and adjudication of such claims to the administrative procedures required by 29 C.F.R. Part 501. The allocation must be respected and undermines the Court's statutory subject matter jurisdiction. Moreover, as detailed in a forthcoming Motion for Judgment on the Pleadings, Plaintiffs have not plausibly alleged an Article III injury against Defendant Perez. Defendant is stil researching these issues and will raise them through an appropriate vehicle.

Plaintiffs submit that this Court has jurisdiction to hear Plaintiffs' claims under the Trafficking Victims Protection Reauthorization Act of 2003, 18 U.S.C. §§ 1595, et seq., and the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., and has supplemental jurisdiction over state law claims that are so related to Plaintiffs' federal claims that they form part of the same case or controversy under Article III, Section II of the U.S. Constitution.

2) Venue:

Defendant Perez does not contest venue.

## B. Immunity

The defendant(s)

☐ has raised ☐ will raise ☒ will not raise

an immunity defense based on:

Click here to enter text.

**C. Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided. If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

Defendant Perez notes that Plaintiffs claim to be "victims" of a human trafficking offense allegedly committed by the Canela Defendants. 18 U.S.C. 1595(b) states that "any civil action filed under subsection (a) [the TVPRA] shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." Defendant Perez is exploring the applicability of this section.

## II. SETTLEMENT:

### A. Settlement Efforts to Date

The parties state:

☐ They have not yet taken any efforts to resolve this dispute.

☒ They have taken efforts to resolve this dispute, and those efforts generally consisted of:

The parties have been engaging in settlement negotiations, including an exchange of offers/counteroffers.

### B. Early Settlement Discussion

Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

☐ The parties are prepared to discuss settlement with the Court at this time.

☒ The parties will not be prepared to discuss settlement until: Click here to enter a date..

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

The parties are actively exploring settlement but do not have a date certain by which they will be prepared to discuss settlement with the Court.

## III. INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:

### A. Initial Disclosures

Rule 26(a)(1) disclosures:

☐ have been completed. ☒ will be completed by **March 22, 2022**.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference. If any party is requesting additional time to provide disclosures, please explain why:

Defendant Perez states: Additional time may be necessitated by the 18 U.S.C. 1595(b) stay.

### B. Scheduling Conference

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. Ordinarily, the Court will allow appearance via telephone. If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

N/A

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report. Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

03/25/22, 03/28/22, 03/29/22; Defendant Perez does not believe that a scheduling conference is necessary.

## IV. DISCOVERY

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

First: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);

Second: Conducting discovery depositions of fact witnesses who have not been designated as experts;

Third: Making all expert disclosures; and

Fourth: Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties must propose discovery deadlines that follow this sequential course. In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures. Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

N/A

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

Defendant Perez notes that the stay of proceedings under 18 U.S.C. 1595(b) may affect this time frame.

**A. Fact-Based Written Discovery, Inspections, and Examinations**

i. Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by May 25, 2022.

ii. The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is: 25.

If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

N/A

iii. Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)? Housing and worksite locations related to Plaintiffs' claims.

If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

Inspections of housing and worksite locations to take place during fact-based discovery.

iv. Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35? No; Defendant Perez may seek to do so if Plaintiffs intend to seek more than garden variety emotional distress damages.

If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

Examinaiton by an appropriately qualified expert witness

**B. Depositions of Non-Expert Witnesses**

i. Discovery depositions of witnesses who have not been designated as experts will be completed by: **July 22, 2022**.

ii. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is: 10.

If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

N/A

iii. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of:

N/A

which, by agreement, shall be limited as follows:

Click here to enter text.

**C. Expert Discovery**

i. Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? Yes

ii. Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? Defendant Perez states that he might do so depending on the nature of Plaintiffs' damages claims. As alleged victims of alleged criminal conduct by the Canelas (which they deny), Plaintiffs will receive mandatory restitution for all harm they provably suffered under 18 U.S.C. 1593. This would eliminate all damages sought in this case. Plaintiffs have suggested that they might have emotional distress claims against Defendant Perez. If so, Defendant Perez would have to prepare a case against any such claim.

iii. Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **May 3, 2022**.

iv. Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **June 2, 2022**.

v. The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by **July 2, 2022**.

If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

Defendant Perez discussed this topic in ii above.

**D. Agreed Discovery Procedures**

i. Unique Circumstances

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

Plaintiffs are migrant workers from Mexico who may be in Mexico or working in other States within the United States during the discovery period. Plaintiffs' propose that any depositions of Plaintiffs be conducted remotely via Zoom or other remote means if agreed. Defendant Perez does not stipulate to remote depositions but is opent to discussing appropriate deposition mechanisms for Plaintiffs.

ii. Phased Discovery

Does any party propose that discovery be limited or proceed in phases? If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time. Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

N/A

**E. Third-Party Discovery**

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action? No

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

Click here to enter text.

**F. Electronically Stored Information**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i. Do the parties anticipate any disagreements about electronic discovery? If so, please explain:

The parties intend to seek the production of any electronic communications that may contain potentially relevant information, in addition to any other electronically stored information as further discovery may show to be available and relevant. The parties will attempt to reach a mutual agreement as to any custodians and the search terms to be used.

Defendant Perez states that he does not believe that this is a case in which ESI will play a role.

ii. Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery? If so, please explain:

Click here to enter text.

iii. Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

Click here to enter text.

**G. Privileged, Protected, and/or Confidential Communications and Information**

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

i. Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? No

If so, please briefly describe such agreement:

Click here to enter text.

ii. Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

No

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

Click here to enter text.

iii. Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

No

If so, please explain:

Click here to enter text.

**H.  Protected Health Information**

i.  Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

   Defendant Perez notes that Plaintiffs are seeking emotional distress damages

ii.  Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

   No

iii.  Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

   No

iv.  Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order?  No

   If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.  Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

   Click here to enter text.

v.  Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement?  No

   If so, please explain:

   Click here to enter text.

**V. MOTIONS**

**A. Motions to Amend the Pleadings or to Add Parties**

i. The plaintiff(s) ☒ does ☐ does not

anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by **May 3, 2022**.

ii. The defendant(s) ☒ does ☐ does not

anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by May 3, 2022.

If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

Defendant Perez

iii. By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.

N/A

**B. Civil Motions (Except Motions in Limine)**

All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by: **August 22, 2022**.

If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

N/A

## VI. PRETRIAL

### A. Pretrial Order

The parties shall prepare and file the joint consolidated pretrial order by: **October 24, 2022**.

The Court generally provides sixty (60) days following the civil motions deadline to file the pretrial order. However, if a motion for summary judgment or other dispositive motion is pending at the time of the deadline, the deadline for filing the pretrial order is automatically extended to twenty-one (21) days after the Court's ruling on the motion for summary judgment or other dispositive motion. If any party is requesting additional time (a deadline more than sixty (60) days following the civil motions deadline), please state the reason(s) why such time is necessary:

N/A

### B. De Ben Esse Depositions

The parties shall complete all depositions of all witnesses (whether fact or expert) that are *de ben esse depositions* (taken not for discovery but for testimony to be used at trial) by: **September 26, 2022**.

The Court generally provides thirty (30) days before the pretrial order deadline to complete *de ben esse* depositions. If any party is requesting additional time, please state the reason(s) why such time is necessary. The parties are cautioned that they will be required to specifically designate all testimony that they seek to offer by deposition as well as all objections to such testimony in the consolidated pretrial order.

N/A

## VII. ADDITIONAL MATTERS

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:

Defendants Gumara Canela and Daniel Canela are currently incarcerated and have not answered the Complaint. Moreover, they were not notified about the scheduled 26(f) Conference and did not participate in the Conference or in the preparation of this 26(f) Report.

Dated: **March 9, 2022**

______________________________
Pro Se

______________________________
Pro Se

/s/ Juan Barragan-Rangel
Counsel for Plaintiff(s)

/s/ Solimar Mercado-Spencer
Counsel for Plaintiff(s)

/s/ Click here to enter text.
Counsel for Defendant(s)

/s/ Click here to enter text.
Counsel for Defendant(s)

/s/ Click here to enter text.
Counsel for Defendant(s)

/s/ Click here to enter text.
Counsel for Defendant(s)