**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| MARICELA MARIN-SANTIAGO, ) <br> JOSUE GARCIA-GARCIA, ) <br> DAVID MARIN- JOSE, ) <br> DIONICIO MARIN-JOSE, MOISES ) <br> SARMIENTO-JOSE, ELIZABETH ) <br> CANALES-CENTENO, SARA ) <br> CANALES-CENTENO, IBRAGIT ) <br> CORTES-ALMAZA, JESUS ) <br> GARCIA-CANALES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GUMARA CANELA, DANIEL ) <br> CANELA, D. CANELA ) <br> RESOURCES, LLC and ISMAEL ) <br> PEREZ, ) <br> ) <br> Defendants. ) | Civil Action No.: 5:21-CV-00061-LGW-BWC |

**<u>DEFENDANT ISMAEL PEREZ'S MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 1

III. ARGUMENT .......................................................................................................................... 2

   A. Federal Rule of Civil Procedure 12(c) Authorizes Entry of Judgment on the Pleadings……............................................................................................................... 3

   B. Entry of Judgment on the Pleadings is Appropriate Because Defendant Perez Did Not "Employ" Plaintiffs Maricela Marin-Santiago, David Marin- Jose, Dionicio Marin -Jose, Josue Garcia-Garcia, and Moises Sarmiento-Jose. ............................................................. 3

   C. The Court Should Enter Judgment on the Pleadings in Defendant Perez's Favor as to Plaintiffs' Trafficking Victim Protection Reauthorization Act Claims. ............................ 5

IV. CONCLUSION ...................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (2007) ........................................................................................ 3

*Carbone v. CNN, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) ...................................... 3

*Friede v. Sun Cmtys., Inc.*, No. 20-12275, 2021 U.S. App. LEXIS 25384
(11th Cir. Aug. 24, 2011) ..................................................................................... 8, 9

*Garcia-Celestino v. Ruiz Harvesting, Inc.*, 843 F.3d 1276 (11th Cir. 2016) ............... 4,5

*Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998) ......................... 3

*Norman v. Liberty Mut. Fire Ins. Co.*, No. 4:19-cv-02132-HNJ,
2021 U.S. Dist. LEXIS 218157 (N.D. Ala. Apr. 8, 2021) ............................................ 4

*Oceanside Lauderdale, Inc. v. Ocean 4660, LLC*, No. 10-60025-CIV,
2010 U.S. Dist. LEXIS 57957, at *3 (S.D. Fla. May 24, 2010) ..................................... 5


**FEDERAL RULES OF CIVIL PROCEDURE**
    Rule 8 …………………………………………………………………………......3
    Rule 8(a)(2) ………………………………………………………………………...3
    Rule 8(b) …………………………………………………………………………..8,9
    Rule 9(b) …………………………………………………………………………..8,9
    Rule 10(c) ...………………………………………………………………………....1
    Rule 12 ………………….....………………………………………………………...3
    Rule 12(b)(6) …………………………………………………………………….....3
    Rule 12(c) ………………………………………………………………………....1,2

**UNITED STATES CODE ANNOTATED**
    8 U.S.C. § 1101(a)(15)(H)(ii)(A) ………………………………………………......6
    8 U.S.C. § 1184 …………………………………………………………………......6
    8 U.S.C. § 1188 …………………………………………………………………......6
    18 U.S.C. § 1589 ……………………………………………………………….…7, 8
    18 U.S.C. § 1590 ………………………………………………………………….…7
    18 U.S.C. § 1595 ……………………………………………………...……………...5

**CODE OF FEDERAL REGULATIONS**
    20 C.F.R. Part 655, subpart B ……………………………………..………….....6
    29 C.F.R. Part 501 ……………………………………………………………….....6

## I. INTRODUCTION

This Court should enter judgment on the pleadings in favor of Defendant Ismael Perez ("Perez") pursuant to Federal Rule of Civil Procedure 12(c). Even taking the Amended Complaint's non-conclusory, substantive allegations as true, Plaintiffs have not adequately alleged a cause of action against Defendant Perez. It is therefore appropriate to enter judgment on the pleadings in his favor.

## II. STATEMENT OF FACTS

The Amended Complaint presents a variety of claims against four defendants. Three of these defendants are Gumara Canela, Daniel Canela, and their company, D. Canela Resources, LLC (collectively, "the Canela Defendants"). Defendant Perez is the other one. Only Plaintiffs Maricela Marin-Santiago, David Marin-Jose, Dionicio Marin-Jose, Josue Garcia-Garcia, and Moises Sarmiento-Jose are suing Defendant Perez. *See* Amended Complaint, ¶¶ 8 n. 1, 31, 32, 49. Plaintiffs Elizabeth Canales-Centeno, Sara Canales-Centeno, Ibragit Cortes-Almaza, Jesus Garcia-Canales are only suing the Canela Defendants, not Defendant Perez. *Id.* The Amended Complaint alleges that the relevant time for their allegations began approximately on December 4, 2020. *See* Amended Complaint, ¶¶ 8, 70 (defining relevant time to be after Plaintiffs were admitted to the United.. States as H-2A workers). This is important for identifying what conduct is at issue in this case.

The story the Amended Complaint tells is straightforward. All Plaintiffs worked for the Canela Defendants as H-2A workers. *See* Amended Complaint, ¶ 8; Exhibits B and C to the Amended Complaint (*see* Fed. R. Civ. P. 10(c)). As their employees, "Defendants Gumara [Canela] and Daniel Canela had the right to control the manner and means by which Plaintiffs [Maricela Marin-Santiago, David Marin-Jose, Dionicio Marin-Jose, Josue Garcia-Garcia, and Moises Sarmiento-

1

Jose] performed their work, including the power to hire and fire Plaintiffs and control over the conditions of employment." Amended Complaint, ¶ 24. This includes both the Plaintiffs who are suing Defendant Perez and those who are not.

There are no non-conclusory allegations that Defendant Perez employed any Plaintiff. Rather, some of the Plaintiffs allege that they spoke to Defendant Perez in an attempt to persuade him to take their side in their dispute with the Canela Defendants. Defendant Perez decided not to act as a go-between and stayed out of the dispute. Plaintiffs Maricela Marin-Santiago, David Marin-Jose, Dionicio Marin- Jose, Josue Garcia-Garcia, and Moises Sarmiento-Jose (but not the others) are suing him for this decision.

On January 31, 2022 and February 2, 2022, the Canela Defendants, acting *pro se*, filed letters denying the allegations and moving to dismiss or for summary judgment. Plaintiffs conceded these motions by non-response.

### III.   ARGUMENT

Plaintiffs Maricela Marin-Santiago, David Marin-Jose, Dionicio Marin-Jose, Josue Garcia-Garcia, and Moises Sarmiento-Jose advance two (2) claims against Defendant Perez, but they all boil down to the idea that Defendant Perez is liable to them because he stayed out of their dispute with the Canela Defendants. He stayed out because, frankly, it was none of his business and he felt that intervening would only have made things worse. Defendant Perez exercised his best judgment for everybody involved. There is no cause of action for following the venerable principle – "first, do no harm."

### A.   Federal Rule of Civil Procedure 12(c) Authorizes Entry of Judgment on the Pleadings.

"Rules 8 and 12 define the criteria for assessing the sufficiency of a pleading before discovery. Rule 8(a)(2) provides that a complaint 'that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.' If a complaint's statement of a claim does not satisfy this requirement, it is subject to dismissal under Rule 12(b)(6) for 'failure to state a claim upon which relief can be granted.' A claim satisfies the requirement of Rule 8(a)—and avoids dismissal under Rule 12(b)(6)—if the complaint alleges facts sufficient to establish that the claim is 'plausible on its face.' *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). And under Rule 12(c), a party may move for judgment on the pleadings '[a]fter the pleadings are closed—but early enough not to delay trial.' A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)." *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

### B.   Entry of Judgment on the Pleadings is Appropriate Because Defendant Perez Did Not "Employ" Plaintiffs Maricela Marin-Santiago, David Marin-Jose, Dionicio Marin -Jose, Josue Garcia-Garcia, and Moises Sarmiento-Jose.

Plaintiffs' case against Defendant Perez hinges on the proposition that he had a duty to intervene on their behalf in their dispute with the Canela Defendants. They base this claim on the idea that he employed them. He did not. The Amended Complaint makes it absolutely clear that they were employed solely by the Canela Defendants. *See* Amended Complaint, ¶¶ 18, 22-24, 118.

In contrast to these detailed factual allegations (the truth of which Defendant Perez takes no position), Plaintiffs Maricela Marin-Santiago, David Marin-Jose, Dionicio Marin-Jose, Josue Garcia-Garcia, and Moises Sarmiento-Jose offer a single conclusory allegation against Defendant

3

Perez. They allege, in Paragraph 31, that Defendant Perez "suffered or permitted" Plaintiffs to be employed by the Canela Defendants.

That Defendant Perez allowed ("suffered or permitted") Plaintiffs to work for the Canela Defendants does not make him their employer. The Canela Defendants had a right to employ Plaintiffs and Plaintiffs had a right to work for them. They entered into a contract. *See* Amended Complaint, ¶¶ 39, 36-48, 53. Defendant Perez could not rightly interfere and might have been liable to the Canela Defendants for tortious interference with contractual relations. Under Plaintiffs' theory, Defendant Perez would be liable if he did not.

The Amended Complaint does not explain how Defendant Perez could have avoided "suffering or permitting" Plaintiffs to work for the Canela Defendants. What was he supposed to do? There was nothing he could do. While Plaintiffs will point out that the definition of suffer or permit to work is broad, no court of which Defendant Perez is aware has ever extended "employment" to not interfering with another's employment relationship.

Defendant Perez is aware that the Eleventh Circuit has discussed the scope of "suffer or permit" to work in the context of joint employment relationships. *Garcia-Celestino v. Ruiz Harvesting, Inc.*, 843 F.3d 1276 (11th Cir. 2016). However, the Amended Complaint does not allege joint employment and it is too late to add it absent leave. *See Norman v. Liberty Mut. Fire Ins. Co.*, No. 4:19-cv-02132-HNJ, 2021 U.S. Dist. LEXIS 218157, at *14 (N.D. Ala. Apr. 8, 2021) (denying leave to add a new claim after answer). Joint employment cannot be a basis for liability.

Although Plaintiffs are not likely to pursue a joint employment theory given their decision neither to plead it nor to seek leave to amend, it may be worthwhile to apply the *Garcia-Celestino* test to the Amended Complaint. Defendant Perez does not thereby consent to the trial of joint

4

employment; he just wishes to assist the Court and to be thorough. The test involves eight elements. They are:

> (1) '[t]he nature and degree of control of the workers;' (2) '[t]he degree of supervision, direct or indirect, of the work;' (3) '[t]he power to determine the pay rates or the methods of payment of the workers;' (4) '[t]he right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers;' (5) '[p]reparation of payroll and the payment of wages;' (6) 'ownership of facilities where work occurred;' (7) 'performance of a specialty job integral to the business;' and (8) 'investment in equipment and facilities.' Layton v. DHL Express (USA), Inc., 686 F.3d 1172, 1176 (11th Cir. 2012) (citing Aimable, 20 F.3d at 438-44) (noting that, with respect to the eighth factor, the relevant comparison is the amount of investment in equipment and facilities by the land owner versus the contractor). We refer to these factors as the 'Aimable factors.'

*Garcia-Celestino*, 843 F.3d at 1294. As for control, the Amended Complaint alleges total control by the Canela Defendants. *See* Amended Complaint, ¶¶ 18, 22-24, 118. As for supervision, it was the Canela Defendants. *See* Amended Complaint, ¶¶ 18, 118, 154, 161. As for terms and conditions (elements 3-5), again, it was the Canela Defendants. *See* Amended Complaint, ¶¶ 38-40, 44, 51-52, 56-57, 81-82, 187-189, 197-198, 200. Defendant Perez was not Plaintiffs' employer. He therefore cannot be liable to them under the FLSA.

### C. The Court Should Enter Judgment on the Pleadings in Defendant Perez's Favor as to Plaintiffs' Trafficking Victim Protection Reauthorization Act Claims.

This leaves the Trafficking Victim Protection Reauthorization Act ("TVPRA"), 18 U.SC. § 1595. This section, like civil RICO, provides a civil remedy for criminal conduct. Courts have observed that unscrupulous plaintiffs have abused civil RICO by packaging garden variety civil claims as RICO claims to access RICO's powerful remedies and broad reach. *Oceanside Lauderdale, Inc. v. Ocean 4660, LLC*, No. 10-60025-CIV, 2010 U.S. Dist. LEXIS 57957, at *3 (S.D. Fla. May 24, 2010) ("Here, 'civil RICO plaintiffs persist in trying to fit a square peg in a round hole by squeezing garden-variety business disputes into civil RICO actions.'")

5

Plaintiffs seem to be using the same technique here. Plaintiffs present numerous alleged violations of the H-2A regulations. *See* 20 C.F.R. Part 655, subpart B. These alleged violations fit squarely within the jurisdiction of the Wage and Hour Division of the Department of Labor, the agency selected by Congress to exercise enforcement responsibility. *See* 29 C.F.R. Part 501 "Enforcement Of Contractual Obligations For Temporary Alien Agricultural Workers Admitted Under Section 218 Of The Immigration And Nationality Act;" 8 U.S.C. §§ 1101(a)(15)(H)(ii)(A), 1184, 1188. Congress designed the TVPRA to deal with the serious problem of human trafficking with the most serious enforcement mechanisms our society has available – the criminal law – while delegating H-2A enforcement issues to an expert administrative agency. If human trafficking were really occurring, the Department of Labor, through its Office of Inspector General, can be counted upon to investigate and alert the appropriate authorities in the Department of Justice. *See* [https://www.oig.dol.gov/oifraud.htm](https://www.oig.dol.gov/oifraud.htm) (last visited: March 10, 2022) ("Labor Trafficking - OIG investigations in this area concentrate on fraud against the numerous work-based visa programs, including the various temporary "H visa" programs, including the H-1B, H-2A and H-2B programs, as well as the permanent labor certification program ("green card" track)"). Congress certainly intended the Department of Labor's enforcement experts to distinguish between administrative violations and human trafficking rather than private parties.

Plaintiffs appear to be avoiding just this kind of DOL scrutiny. Nothing in the Amended Complaint suggests that Plaintiffs complained to DOL or that DOL investigated any concern that Plaintiffs had. Plaintiffs admit that they are alleging regulatory violations. *See* Amended Complaint, ¶¶ 1, 2, 14, 38 (first) – 41 (first), 37 (first), 38 (second) – 48, 51-60, 75, 78, 81 *et al.* Paragraph 41 is a three-page listing of the H-2A regulations that Plaintiffs allege were violated.

This is an attempt to enforce an H-2A regulatory contract within the purview of the Department of Labor, no matter how creatively pled.

Turning to the Amended Complaint itself, Plaintiffs offer nothing that supports a plausible claim that Defendant Perez is a human trafficker. To begin with, the Amended Complaint alleges that when Plaintiffs needed help in their dispute with the Canela Defendants, they complained to Defendant Perez. *See* Amended Complaint, ¶ 150-151. Plaintiffs' behavior makes it implausible to infer that Defendant Perez was a human trafficker.

The lack of plausible factual support for these claims leads Plaintiffs to scattershot pleading without paying much attention to what they are alleging. For example, Plaintiffs allege that Defendant Perez violated 18 U.S.C. § 1590. But § 1590 is just a penalty provision.

They try "forced labor." 18 U.S.C. § 1589. This criminalizes the act of anyone who "knowingly provides or obtains the labor or services of a person" through force. Plaintiffs and the Canela Defendants, though, entered into a contract, hardly a coercive situation. *See* Amended Complaint, ¶¶ 39, 36-48, 53. There are no allegations that Defendant Perez used force or threat of force. *Cf.* Amended Complaint, ¶¶ 22-24 (control allegations); 81 (Defendant Gumara Canela setting terms and conditions of pay); 82 (Plaintiffs complained to Defendant Gumara Canela demanding changes to terms and conditions); 110 (Defendant Gumara Canela setting terms and conditions); 140 (Defendant Gumara Canela demanded payments and was paid); 144 (Gumara Canela); 150 (Plaintiffs allegedly complained to Defendant Perez about Defendant Gumara Canela's exercise of authority over the terms and conditions of employment); 154 (Plaintiffs complained to Defendant Daniel Canela about their work conditions), 161 (Daniel Canela).

Plaintiffs Maricela Marin-Santiago, David Marin-Jose, Dionicio Marin-Jose, Josue Garcia-Garcia, and Moises Sarmiento-Jose allege that there was a "scheme intended to cause Plaintiffs to

7

believe that if they did not perform labor or services for Defendants, they would suffer serious harm or physical restraint." *See* Amended Complaint, ¶ 210. Again, the Amended Complaint's factual allegations point to the Canela Defendants, not Defendant Perez.

The remaining allegation is that Defendants "knowingly recruited, harbored, and transported Plaintiffs for the purpose of subjecting them to forced labor." *See* Amended Complaint, ¶ 209. This allegation does not refer to Defendant Perez. First, the scheme allegedly relates to all Plaintiffs, not just the Oaxaca Plaintiffs. That is clear because when Plaintiffs wanted to limit an allegation to one sub-group of Plaintiffs, they did so. As the Amended Complaint acknowledges, Defendant Perez had nothing to do with Plaintiffs Elizabeth Canales-Centeno, Sara Canales-Centeno, Ibragit Cortes-Almanza, Jesus Garcia-Canales and so could not have "knowingly recruited, harbored, and transported Plaintiffs for the purpose of subjecting them to forced labor." 18 U.S.C. § 1589.

While it is true that the Amended Complaint contains some allegations about Defendant Perez and recruiting, the recruiting allegations relate to a time period before the Plaintiffs were admitted to the United States, a period which the Amended Complaint deems to be irrelevant. *See* Amended Complaint, ¶ 21 (defining "all relevant times hereto" to be all times that Plaintiffs were in the United States as H-2A workers). Moreover, there are no facts from which the Court could reasonably infer that the alleged acts (if performed at all) were performed "knowingly . . . for the purpose of subjecting them to forced labor." *See* Fed. R. Civ. P. 8(b). It is true that Plaintiffs may plead Defendant Perez's state of mind "generally" rather than with particularity, *see* Fed. R. Civ. P. 9(b), but that just means that they "must include factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Friede v. Sun Cmtys., Inc.*, No. 20-12275, 2021 U.S. App. LEXIS 25384, at *5 (11th Cir. Aug. 24, 2011). Just

8

so there is no confusion, Defendant Perez contends that judgment on the pleadings is proper because the Amended Complaint fails Rule 8(b), not 9(b). While allegations about state of mind may be pled "generally," they still must satisfy Rule 8(b).

## IV.    CONCLUSION

The Amended Complaint makes clear that the Canela Defendants and Plaintiffs had an ongoing workplace dispute. But when both Canela Defendants moved to dismiss and/or for summary judgment as to the Amended Complaint (on January 31, 2022 and February 2, 2022), Plaintiffs decided to leave their motions unopposed. Now, Defendant Perez, who never employed the Plaintiffs and who they viewed as an ally, asks the Court to enter judgment on the pleadings and conclude this case. The Amended Complaint does not "include factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Friedel*, 2021 U.S. App. LEXIS 25384, at *5. Entry of judgment on the pleadings is therefore appropriate.

This 22nd day of March, 2022.

        Respectfully Submitted,

        BRENNAN & WASDEN, LLC

        By:/s/ William E. Dillard, III
           William E. Dillard, III
           Georgia Bar No. 222030
           *Attorney for Ismael Perez*

Post Office Box 8047
Savannah, Georgia 31412
bdillard@brennanwasden.com
912-232-6700
912-232-0799 (facsimile)

**CERTIFICATE OF SERVICE**

  I, William E. Dillard, III, the undersigned counsel for Ismael Perez, do hereby certify that I have this day served the following counsel of record with a copy of **Defendant Ismael Perez's 12(c) Motion for Judgment on the Pleadings and Brief in Support**  via electronic filing and email addressed as follows:

> Juan Alberto Barragan-Rangel
> Solimar Mercado-Spencer
> Lisa J. Krisher
> Georgia Legal Services Program
> 104 Marietta Street NW, Suite 250
> Atlanta, GA  30303
> jbarragan@glsp.org
> smercado-spencer@glsp.org
> lkrisher@glsp.org
> *Attorneys for Plaintiffs*

This 22nd day of March, 2022.

              BRENNAN & WASDEN, LLC

              By: /s/ William E. Dillard, III
                 William E. Dillard, III
                 Georgia Bar No. 222030
                 *Attorney for Ismael Perez*

Post Office Box 8047
Savannah, Georgia 31412
912-232-6700
912-232-0799 (facsimile)